CARROLL, DONALD, Judge.
Dan N. Allen, the plaintiff below, has appealed from a final judgment based upon a jury verdict for the defendant in an action for personal injuries-arising from an automobile collision. The principal point involved in this appeal concerns the propriety of the trial court’s charge to the jury as to the respective duties incumbent upon motorists at highway intersections.
The facts giving rise to this litigation, briefly stated, are as follows: At about 6:00 p. m. on May 8, 1958, Allen and his passenger, Willie Willis, were proceeding north from Jasper, Florida, on U. S. Highway 41 in an automobile which he was returning to its owner after having completed some repair work on it. At the point where U. S. Highway 129 intersects U. S. Highway 41, their car collided with a car driven by the defendant-appellee, Rucks.
The evidence adduced at the trial as to the fault of the respective parties was, of course, in conflict but it is admitted by both parties that there was a stop sign at that intersection which required the defendant to stop and yield the right-of-way to traffic on U. S. Highway 41 before proceeding. His failure to observe this stop sign was one of the principal facts in dispute.
At the close of the evidence, the trial judge gave, as a portion of his general charge, the following:
“I thought that I had better give to you a little charge substantially and briefly as to what the law is about accidents that occur at road intersections, and I give to you the rule of law that is laid down in Florida Law and Practice in Volume II at page 248, and it is as follows: Operator of motor vehicles approaching an intersection or crossing are required by law to give proper signals indicating the intent to turn from a direct course and also to stop and yield the right-of-way to oncoming motorists who have first entered the intersection or who are so close to it as to constitute an immediate hazard. The driver of a motor vehicle must yield the right-of-way to a vehicle which has entered the intersection, and upon simultaneous approach that means both about the same tipie, the vehicle on the left must yield to the vehicle approaching from the right thereof.
“In this case you have the burden of deciding whether or not the allegations of the plaintiff and the testimony is the correct statement of it, or the allegations of the answer and the testimony for and on behalf of Mr. Rucks is the correct statement of it.”
The above-quoted portion of the judge’s charge is correct so far as it relates to intersections which are not subject to traffic controls but it is inadequate and misleading when applied to the facts of this case, in that it does not purport to cover the law relating to the duty of a motorist to observe stop signs and the legal consequences of his failure to do so. We have carefully examined the remainder of the charge to the jury and do not find that the correct statement of the law as applicable to the facts here is sufficiently covered therein.
Section 317.42(2), Florida Statutes 1957, F.S.A., provides as follows:
“The driver of a vehicle shall likewise stop in obedience to a stop sign, as required herein, at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway, and shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so *169 closely as to constitute an immediate hazard, but may then proceed.”
The violation of this or any other traffic law is prima facie evidence of negligence which may be overcome only upon a showing by the defendant of surrounding circumstances and conditions which eliminate the character of the negligence from the situation, 3 Fla.Jur., Automobiles, Section 94. When, as here, the question of violation of a traffic law is put at issue by the pleadings and the evidence, it is incumbent upon the trial court to correctly charge the jury on the law applicable to such violation. Careful examination of the charge given in this case fails to reveal any reference to this matter and it is for that reason that the judgment is hereby reversed 'and the cause is remanded for a new trial.
WIGGINTON, Chief Judge, and STURGIS, J., concur.