**Frieda BAROFF, Arthur Baroff and Philip Baroff, Plaintiffs,**

v.

**Barry BECKER, Defendant.**

**No. 61–C–6.**

United States District Court
E. D. New York.

June 30, 1961.

Dorsey & Burke, New York City, for plaintiffs. William P. Larsen, New York City, of counsel.

John P. Smith, New York City, for defendant. Alan W. Craig, New York City, of counsel.

BARTELS, District Judge.

In this diversity action for damages sustained as a result of defendant's car having skidded into the rear of plaintiffs' car while stationary, plaintiffs move for partial summary judgment, pursuant to Rule 56, Fed.Rules Civ.Proc., 28 U.S.C.A., adjudicating the negligence of defendant.

It is true that the mere happening of an accident is not proof of negligence. It is also true that the doctrine of *res ipsa loquitur* is applied where " * * the instrumentality which produced an injury is within the exclusive possession and control of the person charged with negligence, and such person has exclusive knowledge of the care exercised in the control and management of that instrumentality, evidence of circumstances which show that the accident would not ordinarily have occurred without neglect of some duty owed to the plaintiff is sufficient to justify an inference of negligence * * *". Galbraith v. Busch, 1935, 267 N.Y. 230, 234, 196 N.E. 36, 38. In the application of this doctrine the courts of New York, following George Foltis, Inc. v. City of New York, 1941, 287 N.Y. 108, 38 N.E.2d 455, 153 A.L.R. 1122, have held that *res ipsa loquitur* creates nothing more than a "permissive" inference of negligence and not a "compulsory" inference, and that this inference is to be drawn by the jury and not by the court. Under this theory, if it appears from plaintiff's evidence that there may be an explanation consistent with the absence of negligence, there is no duty on the defendant to come forward and offer such explanation. Lahr v. Tirrill, 1937, 274 N.Y. 112, 8 N.E.2d

298. In other words, the failure of defendant to explain the accident in such a case will not justify the grant of summary judgment or a directed verdict for plaintiffs.

In this connection the New York courts have also enunciated the principle that "* * * There may be cases where the prima facie proof is so convincing that the inference of negligence arising therefrom is inescapable if not rebutted by other evidence. * * *" George Foltis, Inc. v. City of New York, supra, 287 N.Y. at page 121, 38 N.E.2d at page 462. Accordingly, in a case where the prima facie proof was so convincing that the inference of negligence, in the absence of an explanation, was "inescapable", the court directed summary judgment for plaintiff. Richard Equipment Corp. v. Manhattan Industrial Contracting Co., 1959, 9 A.D.2d 691, 191 N.Y.S.2d 587; see also Hogan v. Manhattan Railway Co., 1896, 149 N.Y. 23, 43 N.E. 403. This apparently was also the basis for the decision in Elegant v. Brooks, S.Ct. 1959, 20 Misc.2d 542, 194 N.Y.S.2d 563, where the court granted summary judgment in a case involving an accident arising from a rear end collision.

In applications of this kind the difficulty is in determining whether the inference is permissive or compulsory. The circumstances of the accident as established by the uncontroverted facts prove that plaintiffs were not guilty of contributory negligence, thus eliminating that element. The uncontroverted facts elicited from depositions and defendant's interrogatories establish that the accident took place at about 12 o'clock noon, on a rainy day, on a straight section of the West Side Highway in New York City, the plaintiffs having stopped their car because the car in front had stopped; that defendant saw plaintiffs' car stop, applied his brakes 75 to 100 feet to the rear of plaintiffs' car, skidded and struck plaintiffs' car, and that his brakes were in "good working order" prior to the accident. In answer to interrogatories defendant stated that he would rely on "all of those facts to which plaintiffs and defendant testified on examination before trial" to establish defendant's non-liability for the accident. There are no pertinent facts other than those above recited. Defendant relies on no other explanation than the above. Such reliance demonstrates that there is no other evidence or additional facts to be considered in rebuttal. The inference of negligence from this proof is compulsory and inescapable.

Plaintiffs' motion for partial summary judgment is granted. Settle order within five days on two days' notice.