STURGIS, Judge.
The defendants below appeal from a judgment for the plaintiff, a minor, entered pursuant to a directed verdict in this negligence action for personal injuries suffered by plaintiff when an automobile driven by her mother, in which she was riding as a passenger, collided with an automobile owned by defendant A. H. Parker and driven by his co-defendant wife, Gloria Parker.
The accident occurred at approximately 8:00 a. m. in the middle of a block on Eleanor Street in the city of Pensacola, Florida, at or near an entrance to the grounds of Escambia High School. Mrs. Parker was driving her daughter to that school and was followed by plaintiff’s mother who was performing the same service for *368 her daughter, the plaintiff. Both drivers made a left turn onto Eleanor Street at the first intersection east of the scene of the accident.
As defendant’s vehicle approached a position opposite a gateway on its left leading to the school grounds it slowed down, moved somewhat to its right and then began making a left turn to enter the school grounds, whereupon the left front side of that vehicle collided with the right front of the vehicle in which plaintiff was riding, resulting in injury to plaintiff.
Plaintiff and her mother testified they did not see a turn signal given on or from defendant’s vehicle. The defendant driver and her daughter testified that a left-turn signal by signal lamp was given continuously for some distance before the left turn was begun. Plaintiff’s mother also testified without contradiction that no hand signals were given from defendant’s vehicle. She also testified that the left brake light of defendant’s car came on while her car was still behind it and that the defendant driver thereafter drove her car over more to the right of the street before she, plaintiff’s driver, decided to pass to its left.
The defendant driver also testified that she was aware of the fact that another vehicle was following behind her by having observed it in her rear-view mirror, and that the reason she did not do more than give an electric turn signal when she began her turn was that she did not expect the vehicle behind her to pass while that signal was being given.
The appellants state the points of law involved on this appeal as follows: (1) Does violation of a traffic regulation constitute negligence as a matter of law? (2) Does the evidence show that the defendant driver violated a traffic regulation? Appel-lee restates the point of law involved as follows: Did the court err in directing a verdict for the minor plaintiff passenger at the close of the evidence?
Appellee insists, and we agree, that the uncontradicted evidence before the trial court when the directed verdict was ordered revealed that the defendant driver was guilty of negligence proximately contributing to the injury sustained by plaintiff (a) in that being aware through having observed it in her rear-view mirror that plaintiff’s vehicle was following behind hers, she nevertheless drove her vehicle to her left from the direct course she was traveling upon the highway without first determining that such movement could be made with reasonable safety, thus violating Section 317.371(1), Florida Statutes 1963, F.S.A.; and (b) in that having knowledge as aforesaid that plaintiff’s vehicle was following behind her, and knowing that there was a blind spot in the area to her rear when undertaking to observe traffic through the rear-view mirror of her automobile, she nevertheless drove her vehicle from a direct course and into the path of plaintiff’s passing vehicle without ascertaining that the move could be made with safety, thus violating Section 317.291(2), Florida Statutes 1963, F.S.A.; and (c) in that the defendant driver, having decided to make a left turn and having knowledge that plaintiff’s vehicle was following immediately behind her, drove her vehicle toward the right side of the paved street and thereupon immediately made a left turn into the path of the passing vehicle occupied by the plaintiff, without first ascertaining that such movement could be made with safety.
The subject statutes provide:
“(1) No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety, * (Section 317.371, Florida Statutes 1963, F.S.A.)
“(2) No vehicle shall be driven from a direct course in any lane on any highway until the driver shall have determined that the vehicle is not being approached or passed by any other vehicle in the lane or on the side to which *369 the driver desires to move, that the move can be completely made with safety and without interfering with the safe operation of any vehicle approaching from the same direction.” (Section 317.291, Florida Statutes 1963, F.S.A.)
Appellants cite sundry decisions supporting the well-established principle that although violation of a traffic law is prima facie evidence of negligence, it may be overcome by proof of surrounding circumstances and conditions sufficient to eliminate the character of negligence from the transaction. Our careful review of the record reveals no evidence in this case of surrounding circumstances and conditions sufficient to that purpose, taken in the light most favorable to appellants.
In Bessett v. Hackett, 66 So.2d 694 (Fla.1953), the plaintiff was a passenger riding in a vehicle traveling westerly in the north lane of a highway and the defendant, who was traveling east in the south lane of traffic, turned his car directly into the lane and path of plaintiff’s vehicle, whose driver was unable to stop in time to avoid the collision. Plaintiff relied solely on Section 317.37, Florida Statutes, 1951 F.S.A., to establish negligence. At page 700 of its decision the Florida Supreme Court said:
“It is plain from the evidence in the cases that this statute was violated by the driver of the defendant’s car in every essential particular. * * *
“In the face of facts showing such a gross and flagrant disregard by defendant’s driver of the near presence of the car being driven by Maxon, which the defendant knew or should have known was approaching (Shearman & Red-field on Negligence, Rev.Ed., Vol. 1, sec. 47), there can be no valid basis for concluding that the defendant was not guilty of negligence proximately causing the collision. ‘By the exercise of the slightest attention to his surroundings, the driver * * * could have seen the approaching danger * * Loftin v. Wilson, Fla., 67 So.2d 185. Compare McDonald v. Zurich General Accident & Liability Ins. Co., La.App., 25 So.2d 923.
“We hold, therefore, that as to the plaintiffs who were passengers in the car being driven by Maxon, the trial court should have granted the motion made by them at the close of all the evidence, that a verdict be directed in their favor on the issue of negligence and that the case be submitted to the jury only on the issue of the damages sustained as the result of the collision.” (Emphasis added.)
To the same effect see Savarese v. Hill, 128 So.2d 775 (Fla.App.1961), holding the evidence sufficient to support a finding of negligence in that it disclosed that the defendant’s car was driven across the center line of the road and struck the car in which plaintiff was a passenger.
In Liefer v. Walton, 140 So.2d 350 (Fla.App.1962), the defendant driver turned into the path of the plaintiff driver causing a collision which resulted in injury to the plaintiff driver and a passenger in that car. Both sued and there was a jury verdict in favor of defendants, and judgment entered thereon. On appeal, it was held that the trial court committed error in not granting motion of the plaintiff passenger for a directed verdict at the close of the evidence, and the judgment was reversed as to that plaintiff and the cause remanded for trial on the issue of damages only as to that party plaintiff. The court thereby adhered to the time-honored rule that one who is not guilty of contributory negligence is entitled to recover against the tort-feasor whose negligence proximately contributes to his injury.
Having determined that the evidence in this cause is such that reasonable men could not differ in concluding that the defendant driver was negligent in the operation of her vehicle and that such negligence was *370 the proximate cause or a contributing cause to the collision and injuries suffered by the plaintiff, the trial court did not err in directing a verdict for the plaintiff. The judgment appealed must be and it is
Affirmed.
WIGGINTON, Acting C. J., and JOHNSON, J., concur.