**Mrs. Sarah ST. JOHN, for and on Behalf of her minor son, Anthony Ferrante, et al., Appellants,**

v.

**NEW AMSTERDAM CASUALTY COM-PANY, Appellee.**

No. 21955.

United States Court of Appeals
Fifth Circuit.

March 3, 1966.

August Bubert, John A. Slavich, George J. Garzotto, Sternfels, Garzotto & Slavich, New Orleans, La., for appellants.

Paul B. Deal, New Orleans, La., for appellee.

Before GEWIN and COLEMAN, Circuit Judges, and McRAE, District Judge.

GEWIN, Circuit Judge:

In this diversity personal injury action the trial court granted the motion of the appellee for summary judgment. The appellants, who are minors, contend that there were controverted issues of material fact; but that in any event, the judgment of the trial court cannot be

---

sustained on the basis upon which it was rendered. The minute entry granting the appellee's motion which formed the basis of the judgment of the trial court is as follows:

"This cause came on this day for hearing on motion of defendant for summary judgment.

PRESENT: Paul B. Deal, Esq.
Attorney for Defendant

Counsel for plaintiffs is not present

Due to the failure of counsel for plaintiffs to appear in opposition;

IT IS ORDERED that motion of defendant for summary judgment be, and the same is hereby, GRANT." [sic]

The suit arose out of an automobile collision which occurred at night. The appellee took the depositions of the two plaintiffs and rested its motion for summary judgment on the depositions. The record in this case is very scant and incomplete. The depositions upon which the appellee relies were not included in the record before us. They are in the District Court record, were obtained by this court from the clerk of the district court, and were examined since they constitute the sole evidence in the case.

The collision involved three vehicles all headed in the same direction on Highway 51 near Hammond, Louisiana. The first was driven by one Bollinger, the second by Latino, insured by the appellee New Amsterdam Casualty Company, and the third was driven by Rosato. The two plaintiffs were guest passengers of Rosato and were riding on the rear seat. Another passenger, Richard Brooks, was riding on the front seat beside the driver. The automobile driven by Latino overtook and passed the vehicle in which the plaintiffs were riding. It was estimated that the Latino automobile was traveling at approximately 65 miles per hour when it passed the Rosato vehicle. The speed of Rosato was estimated to be approximately 55 to 60 miles per hour. The overtaking and passing occurred 2 or 3 minutes prior to the accident. The Rosato automobile in which the plaintiffs were riding followed at a distance of approximately 2 to 3 car lengths behind the vehicle operated by Latino. The Bollinger vehicle was stalled on the highway; the Latino automobile ran into it, and the automobile in which the plaintiffs were riding collided with the Bollinger and Latino vehicles.

One of the appellants stated that he was injured about his face, neck, on one of his legs, was dazed for several minutes, and did not "know what was what until five minutes after that," referring to the collision. The other appellant stated that he was "more or less unconscious," suffered bruises, pulled muscles injury to his back, and three of his front teeth were knocked out in the collision. Both appellants went to the hospital that night and both required medical attention for sometime following the accident.

It should be observed that this is not a case in which the court granted a dismissal in order to compel a compliance with its orders and to manage its affairs. See Marshall v. Southern Farm Bureau Casualty Co., 353 F.2d 737 (5 Cir. 1965).

Summary judgment should be granted only in those cases in which the moving party is entitled to judgment as a matter of law, where the record clearly shows the full truth of the matter in controversy and no genuine issue of material fact exists. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967 (1944); Poster Exchange v. Paramount Film, 340 F.2d 320 (5 Cir. 1965). It is likewise true that issues of negligence, contributory negligence and probable cause cannot ordinarily be determined on summary judgment. Alabama Great Southern Railroad Co. v. Louisville & Nashville Railroad Co., 224 F.2d 1, 5, 50 A.L.R.2d 1302 (5 Cir. 1955); Gauck v. Meleski, 346 F.2d 433 (5 Cir. 1965); Melton v. Greyhound Corp., 354 F.2d 970 (5 Cir. 1965).

Viewed in the light of the foregoing principles we are unable to sustain the action of the trial court. Summary

judgment should not be granted for failure of counsel to appear in opposition. There are other appropriate remedies available to enforce the orders of the court and to foster the orderly administration of the affairs of the court. The depositions of the plaintiffs and the record before us clearly demonstrate that there are controverted issues of material fact to be decided; therefore, summary judgment is improper. The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.