Lucy Blynn **MARSDEN** and Jack
Marsden, Appellants,

v.

Sebastiano **O. PATANE**, Appellee.

No. 22521.

United States Court of Appeals
Fifth Circuit.

April 13, 1967.

Robert P. Gaines, Beggs, Lane, Daniel, Gaines & Davis, Pensacola, Fla., for appellants.

Wilmer H. Mitchell, Holsberry, Emmanuel, Sheppard & Mitchell, Pensacola, Fla., for appellee.

Before RIVES, THORNBERRY and AINSWORTH, Circuit Judges.

## OPINION ON MOTION FOR REHEARING.

THORNBERRY, Circuit Judge:

Upon reconsideration the opinion originally rendered by the Court in this cause is hereby withdrawn, and it is ordered that the following opinion be entered:

This is an appeal from a judgment of the district court following a jury trial on the issue of damages only in an action brought by appellee for the wrongful death of his minor daughter resulting from an automobile accident in the City of Pensacola, Florida. The court had granted appellee's motion for summary judgment on the issue of appellant's liability based upon a deposition of the appellant together with affidavits of the appellee and the driver of the automobile in which appellee's minor daughter had been a passenger at the time of the accident.

The record forming the basis for the trial court's rendition of the summary judgment reveals the following undisputed facts. On the afternoon of November 22, 1963, appellant was proceeding north on Fourteenth Avenue through a residential area in the City of Pensacola,

driving alone in an automobile owned by her husband, co-appellant. Appellant was traveling about half a block behind another vehicle at a speed of approximately 25 miles an hour as she approached the intersection of Fourteenth Avenue and Blount Street. The vehicle ahead of her proceeded through the intersection without stopping, but as appellant neared the intersection she noticed an automobile, the one in which appellee's minor daughter was a passenger, traveling east on Blount Street approaching the intersection from appellant's left. Appellant at first assumed that the vehicle approaching from the left on Blount Street would yield because she thought she had the right-of-way, but upon realizing that the other vehicle was not going to stop she applied her brakes. It was too late to avoid the collision, however, and the front of appellant's vehicle struck the right rear of the vehicle in which appellee's deceased daughter was a passenger, which vehicle had speeded up to clear the intersection. As a result of the impact the vehicle in which appellee's deceased daughter was riding was overturned, throwing the child from the vehicle. Two days later, the child died in the hospital from injuries allegedly sustained in the accident. The record further reveals that a stop sign was located in plain view facing Fourteenth Avenue at the Blount Street intersection, and that appellant had run that stop sign, apparently failing to observe it. Moreover, there was no stop sign facing Blount Street at the Fourteenth Avenue intersection, and vehicles proceeding on Blount Street therefore had the right-of-way. There is no evidence in the record which would indicate that the driver of the automobile in which appellee's deceased daughter was a passenger was negligent. While admitting in her deposition that she ran the stop sign, appellant further stated that she was unfamiliar with the area of the city in which the accident occurred, that the vehicle in front of her had run the stop sign, and that her attention had been distracted by the automobile approaching from the left on Blount Street. On the basis of these facts, the district court granted appellee's motion for summary judgment on the issue of appellant's liability. At the jury trial on the issue of damages which followed, the court directed the jury to include in its verdict the funeral expenses incurred by appellee.

On this appeal, appellants urge two grounds for reversal: First, that the trial court erred in entering summary judgment on the issue of appellant's liability; and secondly, that the court erred in instructing the jury to include an amount for funeral expenses in the damages verdict. We conclude that under applicable Florida law the court correctly granted the motion for summary judgment but erred in allowing the recovery of funeral expenses.

### I.

Rule 56(c) of the Federal Rules provides that the trial court shall enter a motion for summary judgment only if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Moreover, as a general proposition, issues of negligence, the resolution of which requires application of the reasonable-man standard to all the facts, are not ordinarily susceptible to summary adjudication. E. g., St. John v. New Amsterdam Cas. Co., 5th Cir. 1966, 357 F.2d 327, 328; Gauck v. Meleski, 5th Cir. 1965, 346 F.2d 433, 437; Stace v. Watson, 5th Cir. 1963, 316 F.2d 715, 716. See generally Federal Practice & Procedure § 1232.1 (Wright ed. 1958); Moore, Federal Practice ¶56.17 [42]. Even where the facts bearing upon the issue of negligence are undisputed, as in the instant case, if reasonable minds could reach different conclusions and inferences from such facts, the issue must be submitted to the trier of fact. Looking to state law, the courts of Florida have ruled that the violation of a traffic law is not negligence per se but mere-

ly prima facie evidence of negligence, and that it is therefore the role of the jury to determine whether such prima facie negligence is overcome by other evidence of existing facts and circumstances. E. g., Gudath v. Culp Lumber Co., Fla.1955, 81 So.2d 742, 53 A.L.R.2d 846; Clark v. Sumner, Fla.1954, 72 So.2d 375; Allen v. Hooper, 1937, 126 Fla. 458, 171 So. 513. Thus, proof of a traffic law violation is not conclusive of the issue of negligence but may be rebutted by evidence of surrounding circumstances tending to eliminate the character of negligence from the act. Bryant v. City of Tampa, Fla.Dist.Ct.App.1958, 100 So. 2d 665, 667; see Allen v. Rucks, Fla. Dist.Ct.App.1960, 121 So.2d 167, 169. See generally Prosser, Torts § 35 (3d ed. 1964). These concepts, however, in no manner appear inconsistent with the principle that even issues of negligence are susceptible of summary disposition in those exceptional cases where reasonable men, viewing the facts in a light most favorable to the defendant, could not reasonably infer that the prima facie showing of negligence has been successfully rebutted.[1] See Parker v. Hofheinz, Fla.Dist.Ct.App.1966, 181 So.2d 367, and cases discussed therein; 65A C.J.S. Negligence § 252d. This, we conclude, is such a case. Appellant admittedly ran through a plainly visible stop sign on a clear day and as a direct result thereof collided with the vehicle in which appellee's daughter was a passenger with such force as to turn it over, throw the child out, and cause her death. In addition, the record is barren of any allegation or evidence of contributory negligence on the part of the other driver. At this stage, then, we are presented with a classic prima-facie case for liability—undisputed evidence of negligence and proximate cause. The only facts tending to controvert this prima-facie liability are the three excuses for failure to observe the stop sign set forth in appellant's deposition: (1) that she was unfamiliar with the surroundings; (2) that her attention was distracted by the vehicle approaching from her left (with which she ultimately collided); and (3) that a vehicle one-half block ahead of her had run the stop sign. We are of the firm conviction that these facts, even taken in the aggregate, are insufficient as a matter of law to exonerate appellant from liability. Clearly, one's unfamiliarity with the area in which he is driving would appear to dictate that he maintain an even more diligent lookout than normally. Secondly, we are unable to find merit in the novel theory that one who runs a clearly visible stop sign and collides with a vehicle which is non-negligently exercising its right-of-way may be excused by alleging that he was distracted by that very vehicle, which he mistakenly thought had the duty to yield. Finally, we reject the contention that reliance upon the operator of a vehicle one-half block ahead who similarly failed to observe a stop sign constitutes a legitimate excuse for committing the identical statutory violation. To attribute to the foregoing facts the dignity of evidence from which a jury could reasonably exonerate one from the prima facie negligence aris-

---

1. A review of the Florida decisions in this area indicates that the state courts have viewed the language "prima facie evidence of negligence" as giving rise to a *mandatory* rather than *permissive* presumption of negligence. See McCormick, Evidence § 308 (1954). Accordingly, proof that a traffic law has been violated is not only sufficient to take the negligence issue to the jury but further places the jury under an affirmative duty to return a verdict of negligence in the absence of introduction of sufficient evidence by the violator to rebut such presumption. Failure of the violator to come forward with evidence sufficient to overcome such "prima facie" negligence subjects him to the risk of an adverse peremptory ruling. See Parker v. Hofheinz, infra, and cases discussed therein. If, on the other hand, the "prima facie evidence of negligence" created by proof of a traffic law violation were viewed as merely a *permissive* presumption, which the jury could freely accept or reject even in the absence of any rebuttal evidence, every case involving a statutory violation would necessarily require jury submission for the courts would be powerless to direct a verdict or enter a summary judgment.

ing from the failure to observe a clearly visible stop sign would effectively eliminate utilization of summary adjudication, or for that matter the direction of a verdict, in every case involving the violation of a Florida traffic law. Fully cognizant that the great majority of motions for summary disposition properly perish in negligence actions, we nevertheless conclude that the Florida courts would in the instant controversy invoke such procedure. This is not to imply that trial courts should not continue to exercise utmost caution in the summary disposition of negligence issues nor fail to proceed to trial where the facts or reasonable inferences therefrom are in the slightest doubt. Nevertheless, we are convinced that in those atypical negligence cases such as the one before us, where scrutiny of the moving and opposing papers clearly demonstrates the complete absence of a genuine issue as to any material fact bearing upon the issue of liability, the trial court should, for the benefit of both parties as well as the court, eliminate the unnecessary expense and delay of further litigation by means of summary adjudication. See American Airlines, Inc. v. Ulen, D.C. Cir. 1949, 186 F.2d 529; Home Ins. Co. v. Hamilton, E.D.Ky.1966, 253 F. Supp. 752; Block v. Biddle, W.D.Pa. 1965, 36 F.R.D. 426; Elasky v. Pennsylvania R. R., N.D.Ohio 1962, 215 F.Supp. 25; Belinsky v. Twentieth Restaurant, Inc., S.D.N.Y.1962, 207 F.Supp. 412; Baroff v. Becker, E.D.N.Y.1961, 197 F. Supp. 9.

## II.

Appellant's second specification of error is that the trial court improperly directed the jury to include an amount for funeral expenses in its determination of the damages issue. Although Florida law was uncertain on the question of recovery of funeral expenses at the date this case was presented for oral argument, the Florida Supreme Court, in a recent opinion, has clarified the law in this area. In Sinclair Refining Co. v. Butler, Fla.1966, 190 So.2d 313, 319–320,

the court, rejecting previous decisions to the contrary, declared that:

(1) Funeral expenses cannot be recovered in an action brought under the Wrongful Death Act, § 768.01 and § 768.02 [Fla.Stat.Ann.] by a surviving spouse, child or dependent.

(2) A personal representative can recover for funeral expenses in a survival action brought under § 45.11, Fla.Stat., F.S.A.

(3) * * * Furthermore, the power is inherent in an administrator to sue for recovery of funeral expenses, since he is legally bound to pay them from estate funds.

In conformity with this recent pronouncement of the Florida Supreme Court, we are compelled to rule that since appellee failed to seek recovery of funeral expenses as a personal representative under the Florida survival statute or as an administrator of the deceased's estate, but rather elected to base his claim for such damages on the provisions of the Wrongful Death Act, Fla.Stat.Ann. §§ 768.01–.03, the trial court erred in instructing the jury to include the funeral expenses as an element of damages. The court, however, recognizing the uncertainty of state law with regard to this issue, ordered that the amount for funeral expenses be specifically designated as a separate item of damages in the verdict. This being the case, that amount can be eliminated pursuant to our decision without upsetting the remainder of the verdict.

Accordingly, with the exception of that portion of the judgment awarding funeral expenses to appellee, which is reversed, the judgment of the trial court is hereby affirmed, all costs of appeal to be taxed against appellee.

RIVES, Circuit Judge (dissenting):

In my opinion the entry of summary judgment for the plaintiff denied to the defendants their constitutional right to a trial by jury. In the federal courts that right is to be determined as a matter of federal law in diversity as well as other

actions. Simler v. Conner, 1963, 372 U.S. 221, 222, 83 S.Ct. 609, 9 L.Ed.2d 691. The sufficiency of the evidence to raise a question of fact for the jury is controlled by federal law. 5 Moores Federal Practice § 38.10, n. 5.

Mrs. Marsden had never before driven in the area where the collision occurred. She simply failed to see the stop sign. So far as the affidavits disclose, one sign constituted the sole warning. There was nothing else to warn a motorist of the necessity of stopping, such as approach warnings of a stop ahead or apparent differences of width or use of the streets. Mrs. Marsden had driven on Fourteenth Street without stopping for several blocks before getting to the intersection. Bonifay, the driver of the car on Blount Street, had stopped at a four-way stop sign just two blocks before the collision. Mrs. Marsden was approaching from Bonifay's right and, not seeing the stop sign, she assumed until too late that she had the right of way. She testified that "I had been watching, since there was one car directly in front of me and since it appeared to know exactly where it was going." That car proceeded through the intersection without stopping, and Mrs. Marsden attempted to continue following it. When the stop sign had been erected and whether it was generally observed does not appear. Under all of the circumstances, Mrs. Marsden's simple failure to see the stop sign does not, I submit, present such a conclusive or compelling inference of negligence as that no reasonable man could find to the contrary.

I doubt also whether there was any competent evidence that the collision caused the death. There was no medical evidence. Mr. Patane's affidavit stated that his daughter " * * * died November 22, 1963, from injuries received by her in an automobile collision November 20, 1963 * * *." The only evidence as to the severity of his daughter's injury is contained in Bonifay's affidavit that she "was thrown from the car and seriously injured and later died." The affidavits are not competent evidence of opinion testimony that would not be admissible if testified to at the trial. Rule 56(e), Fed.R.Civ.P.; 6 Moores Federal Practice § 56.22[1], p. 2808, n. 24. I think that the case was for the jury and, therefore, respectfully dissent.