**Christine ALLEN, Plaintiff,**

v.

**SOUTHERN GREYHOUND LINES, INC., et al., Defendant.**

**Civ. A. No. 16176.**

United States District Court
E. D. Louisiana,
New Orleans Division.

July 13, 1967.

Robert L. McLaughlin, New Orleans, La., for plaintiff.

John J. Hainkel, Jr., New Orleans, La., for defendant.

COMISKEY, District Judge:

This matter arises as a result of the collision of a Greyhound bus and plaintiff's vehicle. It appears without dispute that plaintiff had been stopped on the Bay St. Louis Bridge in Mississippi as one of a line of four to six cars, awaiting the lowering of the bridge which had been raised to accommodate water traffic. Plaintiff was sitting in the passenger seat of her vehicle, as a companion had been driving. After they stopped, the companion exited from the car and began to "stretch his legs," whereupon a car stopped behind them, followed by a Greyhound bus. Upon stopping the Greyhound bus, the driver secured it, i. e., lights, brakes, etc., emerged from his seat and began filling out a travel form, whereupon a second Greyhound bus piled into the back of the first causing it to plunge forward into the car immediately in front of it, and

causing a chain reaction, resulting in injury to the plaintiff, now the subject of this action.

Pleadings, memoranda pro and con, and depositions have been filed with this court. Plaintiff alleges that the negligence of defendant's bus driver was the sole and proximate cause of plaintiff's injuries. Defendant in answering presents the argument of plaintiff's contributory negligence "which negligence consisted of the following acts, among others:

a. In failing to provide for her own safety and personal security.

b. In riding as a guest passenger in a vehicle and remaining in the vehicle when the operator of said vehicle had gotten out of the vehicle on the bridge.

c. In failing to take steps to remove herself from the said vehicle when the operator of the same did so."

■ Plaintiff now moves for a summary judgment as to liability only. Her argument, naturally, is that there is no genuine dispute as to any material fact and therefore judgment should be granted as a matter of law. The courts have adopted stringent prerequisites to the granting of motions for summary judgments in negligence cases; and properly so, since it is a rare negligence case where no dispute as to a material fact is present. However, it should be well noted that although the guidelines are stringent, they do not, by any means, automatically preclude the granting of such motions in such "rare" cases which are form fitted to those guidelines.

In the instant case, we are confronted with a rear end collision matter wherein the plaintiff had been lawfully stopped for a considerable length of time; long enough for two vehicles immediately following to effectuate proper stops. Then comes the third vehicle, a bus owned by defendant, and plows into the last vehicle in the tandem which caused a chain reaction resulting in the damages here claimed by the plaintiff.

■ There was little that plaintiff could have done to cause such an accident to occur or contribute thereto; however, defendant does raise contributory negligence and states the three examples of her negligence. (Stated supra) Defendant's first argument is that plaintiff was negligent "in failing to provide for her own safety and personal security." The depositions clearly reflect that plaintiff's car was stopped in normal course, to await the lowering of the bridge, which had been raised to accommodate water traffic. Plaintiff was merely sitting in her car with her back to the point of impact. This court cannot conceive of, nor does defendant suggest, any possible action plaintiff could have or should have taken to provide for her own safety and personal security.

Defendant's second and third arguments are basically synonymous, namely, "In failing to take steps to remove herself from the said vehicle when the operator of the same did so." We ask ourselves, how can there be any negligence involved in plaintiff's remaining in her car at such a time as this? It is the normal and cautious thing to do. Had she gotten out of the car and suffered injury from the impact, then perhaps contributory negligence could have been successfully raised. To then say that she is also negligent in remaining in the car, would set up an unreasonable situation wherein a party is negligent regardless of what she does, stay in the car, or exit from it. Could it not then be said that any person who stops to await the lowering of a bridge is immediately placed in a "negligent status"? Certainly not. By the same token it is not difficult for this court to recognize that the plaintiff acted reasonably by remaining seated in her vehicle while it was stopped awaiting the lowering of the bridge.

It is therefore apparent that all three arguments for contributory negligence are so frivolously raised as to be considered by this court as not having been raised at all.

This then brings us to the recently decided case of Marsden v. Patane, 380 F. 2d 489 a Fifth Circuit Court of Appeals case wherein there was an intersectional collision caused by the defendant's running a stop sign. Plaintiff in that case moved for summary judgment, in answer to which defendant stated only that (a) she was unfamiliar with the city, (b) she saw the car some distance in front of her run the stop sign so she did likewise; and (c) she was distracted by the plaintiff's car approaching the intersection. The court there reasoned that in such a case wherein a prima facie case of negligence is made out by the movant, and is not controverted in any way by the respondent, then the court has no choice but to grant a motion for summary judgment. To deny the summary judgment in such a case would be, in effect, saying that summary judgments in negligence cases do not exist. In upholding the granting of the motion for a summary judgment, the court stated:

" * * * To attribute to the foregoing facts the dignity of evidence from which a jury could reasonably exonerate one from the prima-facie negligence arising from the failure to observe a clearly visible stop sign would effectively eliminate utilization of summary adjudication * * *."

In conclusion:

"This is not to imply that trial courts should not continue to exercise utmost caution in the summary disposition of negligence issue nor fail to proceed to trial where the facts or reasonable inferences therefrom are in the slightest doubt. *Nevertheless, we are convinced that in those atypical negligence cases such as the one before us, where scrutiny of the moving and opposing papers clearly demonstrates the complete absence of a genuine issue as to any material fact bearing upon the issue of liability, the trial court should for the benefit of both parties as well as the court, eliminate the unnecessary expense and delay of further litigation by means of summary adjudication.*" (Emphasis added.)

Since the law does not limit summary adjudication to certain types or classifications of cases, it is most certainly available to negligence cases, but with more severe guidelines. See American Airlines, Inc. v. Ulen, 1949, 87 U.S.App.D.C. 307, 186 F.2d 529; Home Insurance Co. v. Hamilton, E.D.Ky.1966, 253 F.Supp. 752; Block v. Biddle, W.D.Pa.1965, 36 F. R.D. 426; Elasky v. Pennsylvania R. R. N.D.Ohio 1962, 215 F.Supp. 25; Belinsky v. Twentieth Restaurant Inc., S.D.N.Y. 1962, 207 F.Supp. 412; Baroff v. Becker, E.D.N.Y.1961, 197 F.Supp. 9.

Since the defense of contributory negligence in this case is so frivolous as to be considered no defense at all, we conclude that the instant case falls squarely within the realm of the Marsden case. In following the Marsden case, this court will in a like manner consider this to be one of those rare cases fitting itself into the stringent guidelines so well established in negligence cases and accordingly will grant the motion for a summary judgment in favor of the plaintiff as to liability only reserving the right of all parties to a trial on quantum.

It should not go without mention that these above discussed points are even further strengthened by the passive corroborative effect on the part of counsel for the respondent, who neither opposed the motion by memorandum nor oral argument. Instead, he sent word by way of counsel for mover, that he did not desire to go on record as joining in the motion for a summary judgment against his client.

For the reasons set out in the foregoing opinion,

It is ordered that plaintiff's motion for a summary judgment is hereby granted.