Kirsten **MAXWORTHY**, Infant, by her parent and next friend, Dr. Tony Maxworthy, Emily Jean Maxworthy, Emily Jean Maxworthy and Dr. Tony Maxworthy, jointly, Dr. Tony Maxworthy

v.

**HORN ELECTRIC SERVICE, INC.,** a body corporate and Charles David Horn.

**Civ. No. 19656.**

United States District Court, D. Maryland.

June 25, 1970.

Max R. Israelson, and Israelson, Pines & Jackson, Baltimore, Md., for plaintiffs.

Herbert F. Murray, Baltimore, Md., for defendants.

FRANK A. KAUFMAN, District Judge.

Plaintiffs herein, residents of California, are an infant, the infant's mother, and his father. The infant and his mother each seek compensation for injuries suffered in an automobile collision on a Maryland two-lane highway involving the automobile in which they were passengers, driven by a person not a party to this case, and a second automobile owned by defendant Horn Electric Service, Inc., a Maryland corporation with its principal place of business in Maryland, and operated by defendant Charles D. Horn (Horn), a citizen of Maryland, as an agent of Horn Electric Service. The mother and father sue for damages for loss of, interference with, and injury to their marital relationship, and the father also asks compensation for loss of services of the infant. Plaintiffs each base their claims upon allegations of negligence by defendants. The damages alleged to be suffered by the mother and the father as plaintiffs and also by the infant plaintiff are stated to exceed $10,000. Diversity jurisdiction exists.

Plaintiffs, on the basis of the pleadings, motions, affidavits and discovery, seek summary judgment with regard to liability (as opposed to damages) under Rule 56 of the Federal Rules of Civil Procedure.

There are no disputed facts in this case. It is admitted by defendants that the individual defendant was operating the corporate defendant's vehicle in the course of the latter's business. While defendants in their answer have denied negligence and liability, Horn, nevertheless, in answer to the following interrogatory by plaintiffs:

11. Give a concise statement of the facts as to how you contend that the occurrence took place.

has answered:

11. As I came over a knoll in the road, there was a truck in front of me going at a slow rate of speed. I pulled out to pass this vehicle. As I was in the process of passing, I saw a vehicle coming off a knoll headed towards me from the opposite direction. I applied my brakes but the left front of my car collided with the left front of the other car.

Also, in connection with defendants' opposition to plaintiffs' motion for summary judgment, the individual defendant has affied:

That on the day of the accident in controversy he was proceeding on U.S. Route #15 * * *; that he had come out of a 30-mile zone and approached a tractor-trailer which was traveling in the same direction at a slow speed; that he looked and saw the opposite lane was clear of traffic; that he proceeded to pass the tractor-trailer at a time when there was no oncoming vehicles; that while he was in the act of passing a vehicle came over the hill toward him; that there was not sufficient time to avoid the resulting collision.

Plaintiffs' version of the collision is the same as that described in defendant's af-

fidavit, *supra.* Further, in answers to interrogatories posed by plaintiffs, defendants have informed this Court that they do not allege contributory negligence by plaintiffs or contend that the accident was caused by the acts or lack of action of any third person or persons, including the driver of the automobile in which plaintiffs were passengers at the time the accident took place. In addition, counsel for defendants has agreed that, for the purposes of the motion for partial summary judgment, this Court may assume that the collision was the proximate cause of some of the injuries suffered by the plaintiffs and each of them.

■ Under Maryland law, "it is well established that a driver who fails to comply with the statute [Md.Ann.Code art 66½, § 217 (1967 Repl. Vol.)] 'which generally requires drivers of motor vehicles to keep to the right of the center of the roadway, is *prima facie* guilty of negligence where the violation directly and proximately causes a collision resulting in injury, and the burden is then cast upon the driver to overcome the presumption of negligence by showing that he was justified in driving in the center or upon the left half of the road.' Sun Cab Co., Inc. v. Cusick, 209 Md. 354, 360–361, 121 A.2d 188 (1956)." Miller v. Mullenix, 227 Md. 229, 233, 176 A.2d 203, 204 (1961). *See* Cocco v. Lissau, 202 Md. 196, 199, 95 A.2d 857 (1952).

■ Federal, not state, standards determine the sufficiency of the evidence to go to the jury in this case. Wratchford v. S. J. Groves & Sons Co., 405 F.2d 1061 (4th Cir. 1969). This would seem equally clear whether the question arises, as in *Wratchford,* in the context of taking a case away from the jury, or in the context of a motion for summary judgment.[1] Marsden v. Patane, 380 F.2d 489, 493–494 (5th Cir. 1967) (dissenting opinion by Judge Rives). In *Mars-*

*den*, the trial court granted a summary judgment motion which was affirmed by the Fifth Circuit as to liability, Judge Rives dissenting.

■ A plaintiff's burden in seeking summary judgment in a tort action, such as the within automobile accident case, is heavy. However, "it is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Ford Motor Co. v. McDavid, 259 F.2d 261, 266 (4th Cir.), cert. denied, 358 U.S. 908, 79 S.Ct. 234, 3 L.Ed.2d 229 (1958).

In Marsden v. Patane, *supra,* in which plaintiffs claimed damages for injuries in an automobile accident, the defendant admitted that she drove through a stop sign. No claim of contributory negligence or third party negligence was advanced. While failure to halt at the stop sign was a violation of the State's traffic laws, Judge Thornberry, writing for the majority, noted (380 F.2d at 492) that "proof of a traffic law violation is not conclusive of the issue of negligence but may be rebutted by evidence of surrounding circumstances tending to eliminate the character of negligence from the act." However, Judge Thornberry also observed that no evidence had been offered to rebut that presumption of negligence and that the only defenses offered by defendant were: "(1) that she was unfamiliar with the surroundings; (2) that her attention was distracted by the vehicle approaching from her left (with which she ultimately collided); and (3) that a vehicle one-half block ahead of her had run the stop sign" (at 492). The majority of the Court, rejecting all of those "excuses" as "insufficient as a matter of law to exonerate [defendant] from liability" (at 492), granted summary judgment.

Judge Rives, dissenting, concluded: "Under all the circumstances, [defendant's] simple failure to see the stop sign

---

1. Plaintiffs herein elected a jury trial. However, it is assumed for purposes of this opinion that defendants would have sought a jury trial if plaintiffs had not requested a jury at the time plaintiffs instituted this suit.

does not, I submit, present such a conclusive or compelling inference of negligence ·as that no reasonable man could find to the contrary" (at 494). Further, Judge Rives stated his doubt as to "whether there was any competent evidence that the collision caused the death" (at 494).[2]

In the within case, plaintiffs have established an undisputed *prima facie* case of negligence on the part of defendants. Defendants have not proffered any facts to rebut that presumption in any way. The defendant Horn, the driver, has stated that he did not see the automobile in which plaintiffs were passengers until it was too late to avoid the accident. Under Maryland law, Horn had a duty not to start to pass the vehicle in front of him until he could see far enough ahead to ascertain if he could pass "without interfering with the safe operation of any [oncoming] vehicle" (art. 66½, § 221).

■ Defendants, in their opposition to plaintiffs' motion for summary judgment as to liability, have stated, through their counsel:

> Among the factual disputes in this case are those matters set forth in plaintiffs' answer to interrogatory No. 1: whether "defendant, Horn, failed to observe the presence and proximity of the vehicle in which the plaintiff was riding as a passenger, did attempt to pass another vehicle when it was not prudent to do so, failed to stay to the right of the center of the highway, was proceeding at a speed greater than reasonable under the existing conditions of highway and traffic, did fail to maintain proper control over his vehicle".

But the record in this case discloses no facts to support the existence of any such "factual disputes." Nor does any such conclusory labelling permit defendant "to get to a jury on the basis of * * * allegations * * *, coupled with the hope that something can be developed at trial in the way of evidence to support those allegations. * * * " First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968). *See also* Johns Hopkins University v. Hutton, 422 F.2d 1124 (4th Cir. 1970), affirming in part Johns Hopkins University v. Hutton, 297 F.Supp. 1165 (D. Md.1968).

For the reasons stated in this opinion, plaintiffs' motion for summary judgment as to liability is hereby granted.

2. See Elasky v. Penn. R. Co., 215 F. Supp. 25 (N.D.Ohio 1962); Baroff v. Becker, 197 F.Supp. 9 (E.D.N.Y.1961), in which summary judgments as to liabity were granted in favor of plaintiffs in automobile accident cases.

In *Elasky*, the driver of a truck owned by the defendant was proceeding on a city street, followed by the automobile which plaintiff was driving. The truck driver passed a pedestrian he recognized, stopped, and then backed his truck a distance of about 10 to 15 feet into the automobile of plaintiff. Plaintiff had come to a complete halt behind the truck before the defendant started to back up. The Court granted plaintiff's motion for summary judgment with regard to liability, stating that on the basis of such uncontradicted facts, the accident was due solely to the negligence of the driver.

In *Baroff*, the automobile driven by plaintiff stopped on a highway because the car in front had stopped. It was raining. "[D]efendant saw plaintiff's car stop, applied his brakes 75 to 100 feet to the rear of plaintiff's car, skidded and struck plaintiff's car * * * " (at 11). On the basis of those uncontroverted facts, Judge Bartels concluded that the "inference of negligence [by defendant] from this proof is compulsory and inescapable" (at 11), and granted partial summary judgment as to liability.