Ellis C. **IRWIN**, Plaintiff-Appellee,

v.

**UNITED STATES of America,**
**Defendant-Appellant.**

No. 75–3197.

United States Court of Appeals,
Fifth Circuit.

Aug. 26, 1977.

Rehearing Denied Oct. 5, 1977.

Gerald J. Gallinghouse, U.S. Atty., New Orleans, La., Scott P. Crampton, Asst. Atty. Gen., Tax Div., U.S. Dept. of Justice, Washington, D.C., Gilbert E. Andrews, Jr., Acting Chief, Appellate Sec., Wm. A. Friedlander, George G. Wolf, William S. Estabrook, III, Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellant.

Harry Nowalsky, John D. Lambert, New Orleans, La., for plaintiff-appellee.

Before MORGAN and RONEY, Circuit Judges, and KING, District Judge.*

MORGAN, Circuit Judge:

The question for decision in this case is whether the district court erred in granting taxpayer's motion for summary judgment in taxpayer's suit for refund of taxes paid under protest. The specific issue on appeal is whether material facts are in genuine dispute thereby rendering summary judgment improper. Because the case involves a question of the state of mind of the taxpayer, material facts do remain in dis-

* United States District Judge of the Southern District of Florida sitting by designation.

pute in light of the evidence, and therefore we reverse and remand for trial.

Taxpayer is an attorney and notary public of long standing. In 1963, taxpayer and others formed the law partnership Irwin, Seely and Nelkin. In 1964, taxpayer purchased approximately 14% of the capital stock of Hygrade Investment Inc., a recently "activated" personal finance corporation. Concurrently, taxpayer's partners Nelkin and Seely each purchased approximately 11% of Hygrade. From its inception, Hygrade's legal and notatorial requirements were fulfilled by Irwin, Seely and Nelkin, until the law firm's dissolution in 1965. On May 25, 1965, taxpayer purchased Seely's interest and, as the largest shareholder, successfully had himself installed as president of Hygrade. In 1966, however, Hygrade was liquidated pursuant to judicial decree.

The stock of the liquidated company being totally worthless, taxpayer reported a loss in toto on the stock in his 1966 income tax return. Instead of deducting the loss as a long term capital one, taxpayer treated the loss as an ordinary business loss pursuant to § 165(a), Internal Revenue Code of 1954, contending that the stock was purchased in order to secure the legal work of Hygrade. Additionally, taxpayer applied for loss-carryback refunds generated by the stock loss. Although the claimed refunds were paid, on audit the Commissioner determined that the loss was capital in nature and assessed deficiencies. After timely payment of deficiencies and disallowance of refund claims, taxpayer commenced the suit in the district court.

After obtaining depositions of his former law partners, taxpayer filed for summary judgment. The government obtained a stay on the motion for the purpose of completing discovery. The district court then heard argument on the issue of summary judgment and, on the basis of documents submitted to it, granted taxpayer's motion. Refunds were accordingly awarded in the amount of $10,706.14 and the government appealed that judgment to this court.

 Summary judgment, as provided by Rule 56(c), is appropriate only if it ap-pears from the pleadings and supporting documentation that (1) no genuine dispute as to material facts exists and (2) such facts would entitle the moving party to judgment as a matter of law. In order to determine whether summary judgment is proper, it is first necessary to analyze the legal result sought to be compelled. Only by analyzing the legal result can we determine what facts must be established and whether those facts are in genuine dispute.

Taxpayer seeks to deduct the loss on the Hygrade stock as a business loss pursuant to § 165(a), Internal Revenue Code of 1954. Capital stock, however, is normally a capital asset, and any loss thereon is normally a capital loss. Taxpayer correctly contends that what normally is a capital asset, may, under certain circumstances be treated as an ordinary asset and generate ordinary loss. In the seminal case in this area, *Corn Products v. Commissioner of Interval Revenue,* 350 U.S. 46, 76 S.Ct. 20, 100 L.Ed. 29 (1955), the Supreme Court held that corn futures, held for the purpose of securing a steady supply of grain for production, were not capital in nature, being held for a valid business purpose. In *Schlumberger Technology Corporation v. United States,* 443 F.2d 1115 (5th Cir. 1971), this court applied the *Corn Products* rationale to allow an ordinary loss generated by corporate stock acquired for the purpose of obtaining technological information necessary to the taxpayer's business. In *Schlumberger,* we adopted the following test that rests heavily on the intent of the taxpayer and the factual background of the transaction, (quoting from *Booth Newspapers v. United States,* 303 F.2d 916, 921, 157 Ct.Cl. 886 (1962) ):

'[I]f securities are purchased by a taxpayer as an integral and necessary act in the conduct of his business, and continue to be so held until the time of their sale, any loss incurred as a result thereof may be fully deducted from gross income as a business expense or ordinary loss. If, on the other hand, an investment purpose be found to have motivated the purchase or holding of the securities, any loss realized

upon their ultimate disposition must be treated in accord with the capital asset provisions of the Code. . . . ' In determining whether the transaction involved falls within the 'ordinary' or 'investment' categories, the Court must consider . . . 'the circumstances of the transaction (its factual background, the necessities of the particular time involved, and the intentions of the taxpayer, both at the time the securities were originally purchased and at the time they were disposed of) . . . .'

443 F.2d at 1120.

█ From the foregoing analysis, it is evident that the facts necessary to compel the legal result desired cannot be specified with any precision. For purposes of this decision, however, facts can be specified that, at minimum, the taxpayer must establish. First, the taxpayer must prove that the purchase of the stock in its entirety was necessary for the acquisition of the legal and notatorial business of Hygrade. Second, and more important, the taxpayer must demonstrate that his motive for the purchase was to promote his business purpose and that investment was not a predominant motive.

█ The precise issue before this court is whether there exists a genuine dispute as to any of the facts, necessary to compel the legal result. In order to prevail on a summary judgment motion the burden is on the taxpayer, as the moving party, to establish the facts necessary to compel the legal result and to prove that such facts are not in genuine dispute. *Steed v. Central Georgia Railway Co.,* 477 F.2d 1303, 1305 (5th Cir. 1973). *See Brunswick Corp. v. Vineberg,* 370 F.2d 605, 611 (5th Cir. 1967). For example, the taxpayer must establish his business motive for the purchase of Hygrade stock and he must prove that his motive is not in genuine dispute. Not only does the taxpayer have the burden of proof but, moreover, all inferences from underlying facts must be drawn in favor of the party opposing the motion.

█ Because of the nature of the facts necessary for judgment, and the character of taxpayer's evidence in support of those facts, we find that taxpayer did not meet his burden and that therefore this case is inappropriate for summary judgment.

It has been established in this court that summary judgment is improper if factual issues necessary for decision involve the state of mind of a party. *Croley v. Matson Navigation Co.,* 434 F.2d 73, 77 (5th Cir. 1971); *NLRB v. Smith Industries,* 403 F.2d 889, 895 (5th Cir. 1968); *Riley Stabler Construction Co. v. Westinghouse Electric Co.,* 396 F.2d 274, 277 (5th Cir. 1968), rehearing denied 401 F.2d 526 (5th Cir. 1968); *Marsden v. Patane,* 380 F.2d 489 (5th Cir. 1967); *Alabama Great So. RR Co. v. Louisville and Nashville RR,* 224 F.2d 1 (5th Cir. 1955). Thus, "where motive, intent, subjective feelings and reactions, consciousness and conscience [are] to be searched, and examination and cross-examination [are] necessary instruments of obtaining the truth," summary judgment is inappropriate. *Alabama Great So. RR Co. v. Louisville and Nashville RR Co., supra* at 5. The instant case falls precisely within the contours of the line of authority. The central, and perhaps dispositive, issue is the motive of the taxpayer in making the stock purchases. It would be difficult if not impossible for the government to produce evidence contradicting taxpayer's testimonial evidence. Therefore, the defense would rely, of necessity, upon impeachment and witness credibility, available only through examination and cross-examination.

Even though summary judgment is normally inappropriate for state of mind issues, it is not always inappropriate. *Marsden v. Patane, supra* at 492. For such a case to be proper, however, evidence must be produced with reliability greater than that produced by taxpayer. In support of his motion, taxpayer introduced depositions of his former partners Seely and Nelkin and taxpayer's answers to the government interrogatories. In these, taxpayer and the others unequivocally stated their motive for the purchase was to acquire Hygrade's legal business. Additionally, taxpayer stated that the purchases were necessary in order to acquire the legal business. In support of

these conclusions, taxpayer points out that the legal business was actually acquired. As the government contends, much of taxpayer's evidence in support of his motion are conclusions based upon the subject's experience and acumen. The government, although introducing taxpayer's answer to interrogatories and a factual averment, has produced no evidence directly contradicting taxpayer's evidence. Although this evidence is probative the facts necessary, in view of the character of the facts to be proved, the taxpayer has not met his burden of proving the absence of genuine dispute. Taxpayer's evidence on business motive and business necessity are subjective, of necessity, and unduly conclusory. At trial, taxpayer would have the burden of proof. If the jury would have only the evidence produced by taxpayer below, the jury would be free to find that taxpayer's burden had not been met because of possible lack of credibility of taxpayer's witnesses. *See NLRB v. Smith Industries, supra* at 895. Therefore, if the jury would be free to find against the taxpayer based upon the evidence before us, it would be impossible for us to hold that facts are not in dispute. *Croley v. Matson Navigation Co., supra* at 76, *Marsden v. Patane, supra* at 491.

REVERSED and REMANDED.