PER CURIAM.
Appellant/plaintiff Ogletree and Appel-lee Davis were involved in an automobile collision which occurred when Appellant, after stopping at a STOP sign and “easing on across” an intersection, was hit broadside by Appellee, who had pulled out on the highway from a gas station more than 100 feet from the intersection. At the ensuing trial, the jury found in favor of Appellee, allowing Appellant no recovery. The trial judge refused to give an instruction requested by Appellant on Section 316.121(1), Fla.Stat., which sets out the duty of a driver approaching an intersection to yield the right of way to a vehicle which has entered the intersection from a different highway. He did instruct on Section 316.123, which prescribes the duty to stop at STOP signs and yield the right of way to vehicles on the protected road. He also gave Standard Jury Instruction 4.1, defining negligence as the failure to use reasonable care. We find no error in the failure to instruct on Section 316.121(1). This Court held in Allen v. Rucks, 121 So.2d 167 (Fla. 1st DCA 1960), that it was improper for a court in a similar situation to charge solely on the statute requested here by Appellant because it was “inadequate and misleading” when applied to the facts of the case. We conceive that the same is true here. It would be extremely perplexing, and we think improper, to instruct a jury that the driver of a vehicle at a STOP sign must stop and yield the way to oncoming vehicles but that a driver of a vehicle on the street not controlled by the STOP sign must yield the right of way to the vehicle if it enters the intersection first.
We find Appellant’s other point to be without merit.
AFFIRMED.
*668 McCORD, C. J., and MELVIN, J., concur.
BOYER, J., dissents.