624 F.2d 707
 6 Fed. R. Evid. Serv. 1019
 WILMINGTON TRUST COMPANY, Individually, and Curtin Winsor,
Jr., as Co-Trustee under the Trust Agreement
Elizabeth D. Norment, Plaintiffs-Appellants,
v.
The MANUFACTURERS LIFE INSURANCE COMPANY, a Foreign
Corporation, Defendant-Appellee.
 Nos. 78-1965, 78-3166.
 United States Court of Appeals, Fifth Circuit.
 Aug. 22, 1980.
 
 Edna L. Caruso, West Palm Beach, Fla., and Thomas M. Mettler, Palm Beach, Fla., for plaintiffs-appellants.
 Shutts & Bowen, Phillip G. Newcomm, Brenton N. Ver Ploeg, Miami, Fla., for defendant-appellee.
 Appeals from the United States District Court for the Southern District of Florida.
 Before SIMPSON, HILL and HATCHETT, Circuit Judges.
 JAMES C. HILL, Circuit Judge:
 
 
 1
 Joseph D. Winsor died of gunshot wounds in 1976. Manufacturers Life, who had insured Winsor's life, disclaimed liability to the policy beneficiaries, appellants, on the ground that Winsor had made false statements in his policy application. Appellants brought suit in diversity, 28 U.S.C. § 1332(a) (1976), for breach of contract. Appellants denied that Winsor's policy application contained misstatements, and claimed in any event that the alleged misstatements were immaterial to appellee's decision to issue the policy. Following extensive discovery, and on Manufacturers' motion, the district court found the issues of falsity and materiality to be beyond genuine dispute, sufficient to warrant entry of summary judgment. Fed.R.Civ.P. 56(c). The beneficiaries appeal.
 
 
 2
 The question is whether, on this record, summary judgment was appropriate. Appellants contend that Manufacturers did not meet its "heavy" burden, Stafford v. United States, 611 F.2d 990, 993 (5th Cir. 1980), of demonstrating that the issues of falsity and materiality were beyond genuine dispute. Viewing the record most favorably to appellants, see Benton-Volvo-Metairie, Inc. v. Volvo Southwest, Inc., 479 F.2d 135, 138 (5th Cir. 1973), their first contention regarding falsity is frivolous. Winsor's application contained an unambiguous declaration that, within the preceding two years, he had not flown aboard non-scheduled aircraft. Faced with overwhelming record evidence to the contrary, appellants argue that Winsor's non-scheduled flights were "infrequent." This assertion obviously does nothing to ameliorate the falsity of Winsor's declaration, which the district court properly resolved by summary judgment.
 
 
 3
 On the question of materiality, matters stand differently. Under the pertinent Florida law, Fla.Stat.Ann. § 627.409 (West 1972); see Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), Manufacturers bore the burden of proof. See Douglas v. Mutual Life Insurance Co., 191 So.2d 483, 486 (Fla.Dist.Ct.App. 1966). To meet this burden, the company rested on the testimony of Mr. John L. Cummins, the underwriter who accepted Winsor's application. Cummins testified that, but for the misrepresentation, the company would not have issued Winsor's policy without an aviation exclusion.[1] Cummins emphasized, however, that actuarial evaluation of aviation risks is largely subjective, calling for case-by-case analysis. For their part, appellants produced no competent evidence to rebut Cummins, in whose sole knowledge the truth lay. Their plan, rather, was to impeach Cummins as biased in favor of his employer, the defendant. Fed.R.Evid. 607. See generally J. Weinstein & M. Berger, Weinstein's Evidence P 607(03) (1978). The district court concededly deprived appellants of this opportunity.
 
 
 4
 The question, then, becomes whether prospective impeachment of the movant's evidence, without more, can suffice to preclude summary judgment. On the facts of this case, it can and does. See Irwin v. United States, 558 F.2d 249, 252-53 (5th Cir. 1977). Here, as in Irwin, the disputed fact is (1) within the exclusive knowledge of the movant, whose supporting evidence is (2) subjective in character, and (3) upon whom the burden of persuasion rests. ("T)he jury would be free to find that (Manufacturers') burden had not been met because of possible lack of credibility of (its) witness. . . ." Id. at 253. We therefore reverse that portion of the judgment that summarily resolves whether Winsor's misstatement was "material" under Florida law.[2]
 
 
 5
 No. 78-1965: AFFIRMED in part; REVERSED in part.
 
 
 6
 No. 78-3166: DISMISSED.
 
 
 
 [1]
 Appellants have not questioned, and we therefore need not decide, whether a misrepresentation wholly unrelated to the risk causing the loss is "material" under Florida law
 
 
 [2]
 In light of our holding that summary judgment was improperly entered, appellants' claims under Fed.R.Civ.P. 60(b) are moot. The appeal in No. 78-3166 accordingly is dismissed