JESSIE M. TEMPLE, Respondent, *v.* WILLIAM H. KEELER, Appellant.

**Food — restaurants — furnishing of food by restaurant keeper to customer constitutes a sale thereof — implied warranty as to wholesomeness.**

Where a customer enters a restaurant, receives, eats and pays for food, delivered to him on his order, the transaction is the purchase of goods. Under such circumstances the buyer by implication makes known to the vendor the particular purpose for which the article is required, and where the buyer may assume that the vendor has had an opportunity to examine the article sold it appears conclusively that he relies upon the latter's skill or judgment. Consequently there is an implied warranty that the food is reasonably fit for consumption. (*Rinaldi* v. *Mohican Co.*, 225 N. Y. 70; *Race* v. *Krum*, 222 N. Y. 410; *People* v. *Clair*, 221 N. Y. 108, followed.)

*Temple* v. *Keeler*, 207 App. Div. 880, affirmed.

(Argued May 19, 1924; decided June 3, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 17, 1923, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

The action was brought to recover for loss and damage alleged to have been caused plaintiff by sickness resulting, as alleged, from her eating fish in defendant's restaurant, which was unwholesome and unfit for human food, whereby she became ill from ptomaine poisoning.

*Charles B. Sullivan* and *Nelson R. Pirnie* for appellant. Defendant could not be held liable upon an implied warranty. (*Race* v. *Krum*, 222 N. Y. 410; *Rinaldi* v. *Mohican Co.*, 225 N. Y. 70; *Chysky* v. *Drake Brothers Co.*, 235 N. Y. 468; *Valeri* v. *Pullman Co.*, 218 Fed. Rep. 519; *Crocker* v. *Baltimore Dairy Lunch Co.*, 214 Mass. 177; *Sheffer* v. *Willoughby*, 163 Ill. 518; *Travis* v. *Louisville & N. R. R. Co.*, 62 So. Rep. 851; *Crigger* v. *Coca-Cola Bottling Co.*, 132 Tenn. 545; *Goad* v. *Johnson*, 6 Heisk. 340; *Pantaze* v. *West*, 61 So. Rep. 42; *Allen* v. *Steamship Co.*, 132 N. Y. 91; *Beckwith* v. *Oatman*, 43 Hun, 265; *Bruckel* v. *Milhaus' Son*, 116 App. Div. 832; *Emerson* v. *Brigham*, 10 Mass. 197; *Bigelow* v. *Maine C. R. R. Co.*, 110 Me. 105; *Merrill* v. *Hodson*, 88 Conn. 314; *Buckingham* v. *Plymouth W. Co.*, 142 Penn. St. 221.)

*William E. Woollard* and *Louis J. Rezzemini* for respondent. In regard to the sale of food for human consumption the Personal Property Law annexes an implied warranty that the food is not in an unwholesome condition and unfit to be eaten. (*Rinaldi* v. *Mohican Co.*, 225 N. Y. 70; *Race* v. *Krum*, 222 N. Y. 410; *Rothmiller* v. *Stein*, 143 N. Y. 581, 592; *Leahy* v. *Essex Co.*, 164 App. Div. 903; *Muller* v. *Childs Co.*, 185 App. Div. 881.) The contract made between the keeper of a restaurant and one who resorts there to obtain food to be eaten on the premises constitutes a sale of food. (*People* v. *Clair*, 221 N. Y. 108, 111; *State* v. *Lotti*, 72 Vt. 115; *Commonwealth* v. *Worcester*, 126 Mass. 256; *Commonwealth* v. *Warren*, 160 Mass. 533; *Commonwealth* v. *Miller*, 131 Penn. St. 118; *Commonwealth* v. *Phœnix Hotel Co.*, 157 Ky. 180; *Friend*

v. *Childs Dining Hall Co.*, 231 Mass. 65; *San Francisco* v. *Larsen*, 165 Cal. 179.) At common law also there was an implied warranty that food furnished by an innkeeper should be fit to eat. (*Burnby* v. *Bollett*, 16 M. & W. 644; Williston on Sales, § 242, note 82; Keilwey's Rep. 91; 1 Black. Comm. 430; 3 Black. Comm. 166; *Friend* v. *Childs D. H. Co.*, 231 Mass. 72; *Frost* v. *Aylesbury Dairy Co.*, [1905] 1 K. B. 608.)

ANDREWS, J. We hold that where a customer enters a restaurant, receives, eats and pays for food, delivered to him on his order, the transaction is the purchase of goods. We hold also that under such circumstances the buyer does by implication make known to the vendor the particular purpose for which the article is required, and where the buyer may assume that the vendor has had an opportunity to examine the article sold, it appears conclusively that he relies upon the latter's skill or judgment. (*Rinaldi* v. *Mohican Co.*, 225 N. Y. 70.) Consequently there is an implied warranty that the food is reasonably fit for consumption.

We have not before held that the owner of a restaurant sells the food which he provides for his guests. Indeed in *Race* v. *Krum* (222 N. Y. 410) we refused to pass upon the precise question as not then before us. Yet we cannot logically differentiate the facts there involved from those in the case at bar. Miss Temple enters a restaurant, orders a portion of fish which the jury might find was unwholesome, receives it, eats it, pays for it and later becomes ill, it may be inferred, as the result. Mr. Race enters a drug store, orders a portion of ice cream which was unwholesome, receives it, eats it, pays for it and later becomes ill as a result. This we said was a sale. The names of the plaintiffs differ; one defendant owns a restaurant and the other a drug store. But these variances are not sufficient to lead us to distinguish the two cases. It has been said that a restaurant owner does

1924.]        Opinion, per ANDREWS, J.        [238 N. Y. 344]

not sell food but renders a service,— that a seat is furnished, the services of a waiter and cook, the use of plates and silver. There are seats before an ice cream counter. A clerk takes the order and delivers the food. Mr. Krum made or prepared the ice cream. It is eaten from a plate or glass with a fork or spoon belonging to the proprietor. It has also been said that in a restaurant while the customer may consume such portion of his order as he desires he may not carry away with him the remainder. If this be so, the same rule must apply to ice cream bought to be eaten in a drug store. In any event the consequences sought to be drawn from this proposition do not follow. Even if true the transaction may still be a qualified sale — a sale of what is actually used. We suppose a merchant might sell for a fixed price all of a pile of potatoes a customer might wish or be able to carry away.

Apart, however, from *Race* v. *Krum,* we would still be compelled to reach the same result by an authoritative decision. Even in construing a criminal statute we have held that a hotel keeper who places before his guests at dinner, partridges, sells the birds, although the guests paid a total sum for board and lodging. (*People* v. *Clair,* 221 N. Y. 108.) Elsewhere, also the same rule has been applied. (*Friend* v. *Childs Dining Hall Co.,* 231 Mass. 65.)

Other questions have been argued before us. We have examined them and find no error. The judgment appealed from should be affirmed, with costs.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and LEHMAN, JJ., concur.

Judgments affirmed.