**AMDAL v. F. W. WOOLWORTH CO.**

Civ. No. 333.

United States District Court
N. D. Iowa, Cedar Rapids Division.

July 26, 1949.

R. S. Milner, of Cedar Rapids, Iowa, for plaintiff.

William M. Dallas (of Donnelly, Lynch, Lynch & Dallas), of Cedar Rapids, Iowa, for defendant.

GRAVEN, District Judge.

Ruling on motion to strike involving question of implied warranty of fitness in connection with food served by a restaurateur. In this case jurisdiction is based upon diversity of citizenship and the Iowa law is applicable under the rule of Eric R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

In this case the plaintiff in her complaint alleges that on or about May 16, 1947, the defendant served her ice cream as a part of her lunch at its place of business at Cedar Rapids, Iowa; that the ice cream contained a piece or pieces of glass which caused her serious injury. In her complaint she charges the defendant with negligence and with breach of implied warranty of fitness. The defendant, by the motion under consideration, seeks to strike those portions of the complaint charging breach of implied warranty upon the ground that under the Iowa law there is no implied warranty of fitness in connection with food served by a restaurateur. The Iowa Supreme Court has not passed directly upon that question. The decisions from jurisdictions are in conflict upon the question.

The more general rule is that where articles of food are purchased from a retail dealer for immediate consumption there is an implied warranty on the part of the seller that the food is fit for human consumption. 22 Am.Jur. p. 880. While a majority of the Courts have applied that rule in connection with the sale of food, yet until recently a majority of the Courts have refused to apply that rule in connection with the serving of food by a restaurateur. Those Courts which have refused to imply a warranty in the case of the serving of food by a restaurateur have done so on the ground the transaction does not constitute a sale under the common law or within the meaning of the Uniform Sales Act, but

is rather the "uttering of his provisions" as a part of the service a restaurateur renders and for which he is paid by the patron. See F. W. Woolworth Co. v. Wilson, 5 Cir., 1934, 74 F.2d 439, 98 A.L.R. 671; Nisky v. Childs Co., 1927, 103 N.J.L. 464, 135 A. 805, 50 A.L.R. 227; Kenney v. Wong Len, 1925, 81 N.H. 427, 128 A. 343; Rowe v. Louisville & N. R. Co., 1922, 29 Ga.App. 151, 113 S.E. 823; Merrill v. Hudson, 1914, 88 Conn. 314, 91 A. 533, L.R.A.1915B, 481, Ann.Cas. 1916D, 917. Iowa has adopted the Uniform Sales Act, Chapter 554, Code of Iowa 1946, I.C.A. One of the differences noted between the sale of food and the serving of food by a restaurateur is that in the case of food served by a restaurateur the patron does not have the right to take away any of the food not eaten. F. W. Woolworth Co. v. Wilson, 5 Cir., 1934, 74 F.2d 439, 440, 98 A.L.R. 671. Annotations with collection of cases dealing with the question of implied warranty in connection with the serving of food are found in 5 A.L.R. 1115, 35 A.L.R. 921, 50 A.L.R. 231, 98 A.L.R. 687, 104 A.L.R. 1033. On related questions, see annotations 4 A.L.R. 1559, 47 A.L.R. 148. See also Unwholesome Food as a Source of Liability by Rollin M. Perkins, 5 Iowa Law Bulletin 5, 86; and 13 Iowa Law Review 227, 22 Iowa Law Review 591, 24 Iowa Law Review 790, 792, 26 Iowa Law Review 423. In the case of Cushing v. Rodman, 1936, 65 App.D.C. 258, 82 F.2d 864, 104 A.L.R. 1023, Justice Stephens makes an excellent and thorough analysis of the cases both ways on the question.

The governing and determinative law in the present case is the law of Iowa. There is apparently only one Iowa case dealing with the question of the liability of a restaurateur in connection with the serving of food. That is the case of Brown v. Nebiker, 1941, 229 Iowa 1223, 296 N.W. 366. In that case a patron died as a result of the presence of a sharp sliver of bone in a pork chop served him by a restaurateur. The administratrix of his estate sought to recover from the restaurateur, claiming that the sliver of bone constituted a foreign substance in the pork chop. She sought recovery on the ground that the defendant was negligent in serving the pork chop with the sliver of bone in it. She also sought recovery on the ground that the presence of a sliver of bone constituted a breach of implied warranty. The trial Court directed a verdict for the defendant restaurateur. On appeal the Iowa Supreme Court affirmed that ruling on the ground that a sliver of bone did not constitute a foreign substance in the pork chop. The Iowa Supreme Court did not pass upon the question of implied warranty. In the case of Anderson v. Tyler, 1937, 223 Iowa 1033, 274 N.W. 48, the plaintiff was injured by the presence of a dead mouse in a bottle of coca cola purchased from a retailer. The plaintiff brought action against the bottler of it. The plaintiff recovered in the trial Court. On appeal the case was affirmed. The Iowa Supreme Court in the affirming opinion held that the case was properly submitted to the jury on both negligence and implied warranty. In the case of Davis v. Van Camp Packing Co., 1920, 189 Iowa 775, 176 N.W. 382, 17 A.L.R. 649, the Iowa Supreme Court allowed recovery against a packer of canned beans for ptomaine poisoning suffered by the plaintiff from eating a can of beans packed by the defendant and sold to the plaintiff by a retailer. The plaintiff sought recovery both on negligence and implied warranty. At the close of the plaintiff's evidence the trial Court on motion of the defendant required the plaintiff to elect between negligence and implied warranty. The plaintiff elected to proceed on negligence. At the end of all of the evidence the trial Court directed a verdict for the defendant. On appeal the Iowa Supreme Court reversed. It was the contention of the defendant that since there was no privity between the plaintiff and it no warranty could be implied. The Iowa Supreme Court held that notwithstanding the absence of privity the defendant impliedly warranted to the plaintiff the fitness of the food for consumption. The Iowa Court further held that it was error to require the plaintiff to elect between implied warranty and negligence.

The three Iowa cases just referred to are the only Iowa cases that have to do with implied warranties in connection with

the matter of wholesomeness of food and the matter of foreign substances in food. In none of them was the question raised or passed as to whether a restaurateur serving food impliedly warrants its freedom from foreign substances. Under those circumstances the question of determining the applicable Iowa law is a matter of some difficulty. However, in a recent opinion the United States Supreme Court re-emphasized that in cases where Federal Court jurisdiction is based upon diversity of citizenship the fact that the applicable state law is difficult of determination does not relieve a Federal Court of the duty of determining it. Propper v. Clark, 1949, 69 S. Ct. 1333, 1343. It has been pointed out that in such cases a Federal Court has to be prophetic. Cooper v. American Air Lines, Inc., 2d Cir., 1945, 149 F.2d 355, 359, 162 A. L.R. 318.

There are statements in the three Iowa cases from which the inference might be drawn that the Iowa Supreme Court would not imply a warranty in the case of food served by a restaurateur. There are other statements in those cases from which the inference might be drawn that it would imply a warranty in such a case. However, since the question here involved was not before that Court in any of the cases, it would seem that the question is still an open one.

In the case of Davis v. Van Camp Packing Company, supra, the Iowa Supreme Court, in implying a warranty of fitness in the case of food where there was no privity between the purchaser and the manufacturer, took a position contrary to that of some of the other Courts. For contrary holding, see Nelson v. Armour & Co., 1905, 76 Ark. 352, 90 S.W. 288, 6 Ann.Cas. 237. In the case of Anderson v. Tyler, supra, the Iowa Supreme Court, in implying a warranty against the bottler of a soft drink where a dead mouse was found in a bottle, took a position contrary to that of other Courts. See Birmingham Chero-Cola Bottling Co. v. Clark, 1921, 205 Ala. 678, 89 So. 64, 17 A. L.R. 667. It would seem that so far as implying a warranty in connection with food is concerned the Iowa Supreme Court has gone farther than a number of other Courts. It would further seem that as to

such warranties the Iowa Supreme Court has generally taken a position in accord with the then trend of authority.

In Volume 22 American Jurisprudence, published in 1939, it is stated (p. 886) that the weight of authority at that time was to the effect that there was no implied warranty in connection with the food served by a restaurateur. However, it is there also stated (p. 887) that the then trend was for the Courts to break away from that rule. It would seem that such trend has continued. See annotation 104 A.L.R. 1033. Cases which are representative of that trend are: Race v. Krum, 1918, 222 N.Y. 410, 118 N.E. 853, L.R.A.1918F, 1172; Stanfield v. F. W. Woolworth Co., 1936, 143 Kan. 117, 53 P.2d 878; Cushing v. Rodman, 1936, 65 App.D. C. 258, 82 F.2d 864, 104 A.L.R. 1023; Friends v. Childs Dining Hall Co., 1918, 231 Mass. 65, 120 N.E. 407, 5 A.L.R. 1100; Temple v. Keeler, 1924, 238 N.Y. 344, 144 N.E. 635, 35 A.L.R. 920.

In the cases of Race v. Krum, supra, and Stanfield v. F. W. Woolworth Co., supra, the Courts implied a warranty in the case of food served by a restaurateur upon the ground that the transaction was a sale. In the case of Temple v. Keeler, supra, the transaction was referred to as a "qualified sale." In the cases of Cushing v. Rodman, supra, and Friend v. Childs Dining Hall Co., supra, it was stated that it was not necessary to determine whether the transaction technically constituted a sale or not since a warranty would be implied in favor of the patron irrespective of whether the transaction constituted a sale or a service.

It has been heretofore noted that it was the majority rule that where articles of food are purchased from a retailer for immediate consumption there is an implied warranty on the part of the seller that the food is fit for human consumption. It has also been heretofore noted that until recently at least a majority of the Courts have refused to imply some warranty in the case of food served by a restaurateur on the ground that such a transaction did not constitute a sale as ordinarily defined. In a number of situations this distinction would seem to be of a technical rather than a sub-

stantial nature. For instance, in the present case, if the defendant at the time it was serving the plaintiff ice cream was selling ice cream cones to other patrons, that would, under the rules noted, give rise to two different legal situations even though the lunch patrons and the cone customers were served by the same dipper from the same container by the same employee. Under the rules noted, the dipper of ice cream placed in a cone would be accompanied by a warranty against the presence of glass while the dipper of ice cream placed in a dish to be served to a lunch customer would not be so accompanied.

In the case of Cushing v. Rodman, 1936, 65 App.D.C. 258, 82 F.2d 864, 104 A.L.R. 1023, the Court held as heretofore noted that 'a warranty would be implied in connection with the serving of food by a restaurateur. In support of its holding the Court set forth the following question from Williston on Sales (2nd Ed.1924) Vol. I, p. 496, which seems particularly apt: "Even though the transaction is not a sale, every argument for implying a warranty in the sale of food is applicable with even greater force to the serving of food to a guest or customer at an inn or restaurant. The basis of implied warranty is justifiable reliance on the judgment or skill of the warrantor, and to charge the seller of an unopened can of food for the consequences of the inferiority of the contents of the can, and to hold free from liability a restaurant-keeper who opens the can on his premises and serves its contents to a customer, would be a strange inconsistency. A sale is not the only transaction in which a warranty may be implied."

It would seem that the general trend of the law is towards the adoption and recognition of the rule stated by Williston and that the adoption of that rule by the Iowa Supreme Court is more probable than its rejection.

Therefore, it is the ruling of the Court that the motion of the defendant to strike those portions of the plaintiff's complaint which charge the defendant with breach of implied warranty be overruled and denied.