Arthur Wachtel, J.
On January 26,1957 the defendants as sellers entered into a contract of sale with the plaintiffs with respect to premises located at 1711 St. Peters Avenue in The Bronx. This contract was a printed form and was specifically subject to the rights of tenants in possession, to wit, as follows: “ First floor front, G-illis — 3 rooms $46. First floor rear, Brojer, 4 rooms, owner occupied. Second floor front, vacant, five rooms, formerly owner occupied. Second floor rear, Sander, three rooms, $55.00. Upon closing of title, sellers will deliver full and complete possession to the 2nd floor front apartment which is presently vacant, and to the first floor rear apartment, occupied by Mr. Brojer.”
Another typewritten paper was prepared and among other things, states as follows: “With reference to the apartment on the second floor rear, occupied by Mr. Sander, it was rented to him on the first day of December 1956, and it was occupied by Mrs. Frances Brojer as an owner for more than ten years.”
There is a direct conflict in the testimony as to whether this typewritten page was physically attached to the contract at the time the contract was signed, or whether it was prepared thereafter. The printed form of contract was signed by all the parties and their signatures were witnessed by John L. Radlein, the attorney for the sellers. The typewritten page is initialed only by Adrienne Montagnino and Pete Montagnino and by John L. Radlein. Title to the premises was taken several months thereafter on April 4, 1957. A report of statutory decontrol was filed, but was eventually rejected by the Rent Commission in that the second floor rear apartment occupied by Sander had not been owner-occupied by Mrs. Frances Brojer, and was subject to rent control. This action was then instituted on March 22, 1958 for damages for $3,000 by .reason of the alleged fraud by the defendants in the sale of the premises. The theory of action was amended so as to plead not only damages by reason of the alleged fraudulent representation, but also damages for breach of contract.
Defendants argue that plaintiffs’ Exhibit 3 is a collateral agreement which is merged in the deed. With this the court disagrees. (See Morris v. Whitcher, 20 N. Y. 41; Lambert v. Krum, 121 Misc. 170; Siebros Finance Corp. v. Kirman, 232 App. Div. 375 [1st Dept.].) Nor does it fall within the prohibí *653 tion of the Statute of Frauds (see Crabtree v. Elisabeth Arden Sales Corp., 305 N. Y. 48),
However, there is no sufficient proof that defendants are, liable for fraud and deceit. An action for fraud and deceit requires proof of falsity, scienter, deception, and injury in reliance upon the representation (Celts v. Woods, 221 N. Y. 335). All these elements must be proved. Scienter has not been proved. The representation that the Sander apartment was occupied by Mrs. Frances Brojer as an owner for more than 10 years was erroneous, but there is no proof that it was made by the attorney for the defendants with knowledge of its falsity at the time it was made, and that he made the representation with the intention of deceiving the plaintiffs. Nor is there any sufficient evidence that this representation was made with the knowledge of the defendants. (Stoller v. Block Realty Co., 131 Misc. 689 [App. Term, 1st Dept.].)
The next question to be resolved is whether plaintiffs can recover against the defendant vendors for breach of contract. This raises the question: Can the defendants be bound by the representation made by their attorney? They are bound if he was authorized to make such representation or the court finds that the representation was made within the scope of this attorney’s authority. (Cf. Morben Holding Corp. v. Feldman, 79 N. Y. S. 2d 19.)
We next come to the question of the measure of damages in this case. The plaintiffs contend that the measure of damages is the difference in value between the house as represented (with the Sander apartment not under control) and its actual value (with the Sander apartment under control).
Plaintiffs’ expert testified the difference in value was at least $1,900 based upon the difference in the estimated rental income projected for a period of five to six years upon the assumption that the Bent Control Law (L. 1946, ch. 274, as amd.) would remain in effect for that period of time. The defendants’ expert testified that there was no difference in value. The court is not impressed by the testimony of either expert. Their wide difference of opinion makes their conclusions suspect. Their conclusions were speculative and based upon casual investigation, and were not supported by proper proof. Damages to be recovered must be certain or at least reasonably capable of being ascertained. Not only must they be certain and reasonably ascertainable, but also they must have been fairly within the contemplation of the parties to the contract at the time it was made (Witherbee v. Meyer, 155 N. Y. 446, 449, 450.) The evidence on behalf of the plaintiffs clearly shows that the reason *654 that the plaintiffs desired the Sander apartment decontrolled was to evict the tenant and obtain the apartment for the use of plaintiff’s sister.
There is another factor to be considered: The cases relied upon by the attorney for the plaintiffs are cases of fraudulent misrepresentations, fraud, and deceit (Saklaris v. Evangelista, 21 Misc 2d 781; Gainsburg v. Bachrack, 241 App. Div. 28, affd. 266 N. Y. 468; Nelvan Constr. Corp. v. Sanka Realty Corp., 227 App. Div. 51; Hellerman v. Weinbrot, 276 App. Div. 763).
There is no doubt that in these cases the measure of damages is the difference between the amount paid for the property and the value thereof at the time of the sale. However, this is not a case of fraudulent misrepresentations. This is at most a case of mistake. The rule is that in the case of executory contracts for the sale of realty, the measure of damages is based upon the goodness of the bargain or the financial benefit which would result from performance where the breach is the result of bad faith and the representations are fraudulent; but this is not so where the vendor is not guilty of bad faith. In such a case the vendee may only recover the amount actually paid on account of the purchase price and the expenses which may properly be regarded as in the contemplation of the parties, and which may be treated as properly incidental to the contractual situation. (Northridge v. Moore, 118 N. Y. 419; Mokar Props. Corp. v. Hall, 6 AD 2d 536, 539 [1st Dept.].)
In the case at bar, the parties clearly contemplated that plaintiffs would be required to apply to the Rent Commission for a certificate of eviction with respect to the Sander apartment and this the plaintiffs did. They failed to get the certificate and as a result brought this action. The expense incidental to the Rent Commission proceedings and required to determine the status of the Sander apartment may be regarded as in the contemplation of the parties and treated as properly ‘£ incidental to the contractual situation”. And consequently, such expenses may be deemed special damages, resulting from the breach, and recoverable as such. (Northridge v. Moore, supra, p. 423; see, also, Restatement of Law of Contracts, § 334.)
The premises in question were transferred by the plaintiffs and the other co-owners to plaintiff wife’s father and mother, Albert and Caroline Nigro, by deed dated April 26, 1957. Plaintiffs’ attorney properly points out that the subsequent transfer does not affect the right to damages which was fixed as of the time of the breach and that the damages must be ascertained as of the time of the sale, and not subsequently. With this the court agrees and, therefore, holds that the measure of damages is *655 determined as of the time of the sale. Plaintiffs have not refused to take title and cannot ask for the return of the money paid on account of the contract. Rescission is not sought but only damages.
The court has carefully reviewed the testimony in this case, the arguments of counsel, and the briefs submitted by counsel, and is impressed with the diligence of the attorneys for both sides.
After an exhaustive analysis of the testimony, the court is of the opinion that the measure of damages in this case should properly and reasonably compensate the plaintiffs for the expenses that the defendants had reason to foresee as a proper result of their breach of the contract (Restatement, Contracts, § 330) and that such expenses are those which are properly and reasonably required in respect of the Rent Commission proceedings. • Such damages have not been pleaded or proved. However, in the interests of justice and to avoid a new trial, the court will entertain an application for the reopening of the trial for the purpose of submitting proof in respect of said damages in accordance with rule 66 of the Rules of Civil Practice and section 15 of the Municipal Court Code, within 10 days from the date of this decision. If such application is not made, the judgment of this court is as follows: (1) The cause of action based on fraud and deceit is dismissed upon the merits. (2) The cause of action based on breach of contract is dismissed without prejudice to renewal upon proper proof of damages.