**Isai BELINSKY, Plaintiff,**

v.

**TWENTIETH RESTAURANT, INC., also known as Cobbs Corner Restaurant, Defendant.**

United States District Court
S. D. New York.

June 25, 1962.

Lawrence G. Nusbaum, Jr., New York City, for plaintiff.

Irving Segal, New York City, for defendant.

CROAKE, District Judge.

Plaintiff moves pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. for partial summary judgment on the issue of liability.

Plaintiff claims damages for physical injuries allegedly resulting from eating

particles of glass which were embedded in food eaten by plaintiff in defendant's restaurant.

Plaintiff contends that there is no genuine issue of fact concerning the allegation that he ate food in defendant's restaurant which contained glass and that, pursuant to New York law, defendant is liable to him under a theory of implied warranty for any injuries resulting therefrom.

Defendant contends that there are issues to be tried concerning its negligence in preparing the food and other issues attending the serving and consumption of the allegedly impure food.

██ The court agrees that plaintiff need not show negligence in the preparation of the food to recover. It is clear under New York law that the restaurant owner warrants by implication to his customers that the food served is reasonably fit for consumption. Temple v. Keeler, 238 N.Y. 344, 144 N.E. 635, 35 A.L.R. 920 (1924). Since this incident happened in New York there can be no doubt New York law is applicable and that an impurity such as glass does not meet the test of food reasonably fit for consumption.

██ The remaining question on this motion is whether there is any triable issue as to whether plaintiff was served and ate the impure food in defendant's restaurant.

Plaintiff has submitted two affidavits by eyewitnesses, in addition to his own affidavit, attesting to the fact that he ate impure food in defendant's restaurant, showed the particles of glass to the cashier, waitress, and the manager, and was bleeding as a result thereof.

Defendant submitted an affidavit from the manager of the restaurant stating that he talked to plaintiff but otherwise has no personal knowledge of the incident, and of the cashier stating that she has no recollection of speaking to plaintiff. Additionally, defendant submitted an affidavit of the payroll clerk stating that records of the restaurant indicate that the restaurant had six waitresses and six waiters employed on the day of the incident but that the records do not indicate which of these persons were on duty at the time of the alleged incident.

From the papers submitted, I am convinced that there is no triable issue of fact as to the facts sworn to in the affidavits submitted by plaintiff. Defendant's affidavits do not controvert these claims but instead claim lack of knowledge. A party may not simply claim ignorance as a means of controverting a claim when the nature of the situation is such that the manager was given notice of the alleged serving and consumption of the deleterious food on the premises immediately after the occurrence.

Failure of defendant to acquaint itself with the background circumstances by questioning the waitress who served the food is in my opinion a further attempt to controvert by claiming ignorance. This was an employee under its control. Defendant cannot deny these facts by saying that it had twelve employees but does not know which one served the impure food. The incident allegedly occurred on September 2, 1960 and the action was commenced on January 24, 1961. It strains my credulity to believe that even if no investigation had been made by the manager on the day of the alleged incident, counsel would not have made some investigation of the facts and circumstances after filing of the complaint so as to be able to present affidavits at this time which either deny or admit the material facts set forth in plaintiff's supporting affidavits.

██ It is not stated anywhere that defendant was prevented from obtaining accurate factual data by missing or uncooperative witnesses. A party must either controvert the supporting affidavits or explain why it cannot present its version of the facts. Any other rule would frustrate the objective of Rule 56.

In view of these circumstances, plaintiff's motion for summary judgment as to the liability of defendant on the first cause of action is granted. Defendant cannot take refuge in a cloud of claimed

ignorance. Pursuant to Rule 56, I find the following facts:

(1) On September 2, 1960, plaintiff entered and was served food in defendant's restaurant, which he consumed.

(2) This food contained particles of a foreign substance, glass.

(3) After eating some jello and discovering the presence of the impurity, plaintiff notified the manager of defendant's restaurant, the cashier, and the waitress who served, that he had been served and consumed jello containing glass.

The issues involving the injuries to plaintiff resulting from the consumption of the deleterious jello are reserved for trial. The second cause of action by the wife of plaintiff for loss of consortium of her husband is without merit.

The foregoing memorandum shall constitute the finding of fact pursuant to Rule 56 of the Federal Rules of Civil Procedure.