■ WAKERMAN LEATHER CO., INC., Respondent, v. IRVIN B. FOSTER SPORTSWEAR CO., INC., Appellant.— MEMORANDUM BY THE COURT. Appeal from a judgment of the Supreme Court, Fulton County, entered on a decision in

favor of the respondent after a trial, without a jury, awarding respondent the amount of $53,129.14. The instant litigation stems from a dispute over contractual commitments under which respondent was to supply appellant with a quantity of table run leather. The trial court found that respondent had performed and awarded judgment for the price to the respondent. Appellant's attack in effect centers on the trial court's findings that considering the usage and custom of the trade the leather was merchantable, appellant failed to properly reject any of the leather, thereby accepting all of it, the appellant failed to establish that the required quantity of leather was not delivered, and its failure to find a breach of warranty for a particular purpose. These findings are here essentially factual and if supported by the evidence must be upheld. Clearly the skins could be found to have met the contract requirements that they be table run and conform to government specifications and thus to be merchantable within the meaning of section 2–314 of the Uniform Commercial Code. The fact that appellant could not use all the skins in the particular manner he wished to is not controlling. Nor is section 2–315 of the Uniform Commercial Code applicable, for while respondent did know of the purpose for which the leather was to be used, the court could find that the leather supplied was fit for such purpose according to trade custom. The contract did not specify that each skin had to be fit for the cutting of a jacket, but only that the entire shipment would be, and even the pieces too small for an entire jacket could be used for pockets, flaps and hangers. Similarly the record supports the finding that appellant did not properly reject the goods and, therefore, accepted them (UCC, §§ 2–601, 2–602, 2–606, subd. [1]). While due to respondent's concession in the instant case and, perhaps, by prior custom between the parties appellant was permitted to return individual, unbroken bundles rather than the customary entire cartons, there was no evidence to show that appellant had the option of pulling the bundles apart and returning only the less desirable skins therein. Moreover, in the skins returned were skins not even produced by the respondent. Additionally, there was a notation on respondent's invoices requiring all claims to be made within 5 days from the receipt of the goods, testimony that the trade custom was to require claims to be made in from 5 to 10 days, and further testimony that skins were usually inspected immediately upon receipt. This supports the findings that 10 days was a reasonable time within which to return the skins and that appellant had had a reasonable time within which to inspect them. Finally, we find no merit in appellant's contention that the contractual amount of leather was not delivered. This issue depends primarily on questions of credibility and on the instant record the trial court could clearly reject appellant's allegation as lacking any evidentiary support. Judgment affirmed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by the court.