OPINION OF THE COURT
Lorraine S. Miller, J.
When realization does not live up to a buyer’s expectations, should the seller be charged with breaching a warranty of fitness for use and merchantability?
This is the tale of a pushcart that wouldn’t push. Or so plaintiff claims in this action for $10,000 damages.
Plaintiff buyer is the purveyor of franks, ice cream and soda in Brooklyn’s sylvestral Marine Park. These exotic epicurean edibles are separately sold from small picturesque pushcarts pursuant to a permit plaintiff purchases every three years from the New York City Department of Parks. The license specifies that two of the carrettinas may be in the vicinity of the baseball diamonds and a third vehicle may be on the park’s perimeter at particular points.
As plaintiff’s business prospered and parched palates of peripatetic pedestrians and ball players clamored for an augmented array of gastronomic goodies, plaintiff decided to expand its enterprise. Plaintiff’s principals met with defendant seller, a manufacturer of vending equipment, and ordered two "special carts”, at a cost of $6,480, specifying the inclusion of both insulated and refrigerated compartments for cooking franks, heating knishes, onions, sauerkraut, cooling ice cream and soda, brewing coffee and hot chocolate, pretzels, cake and sandwich showcases, condiment dispensers, etc. A cabinet to house two cylinders of bottled gas was also necessarily incorporated. To accommodate another of buyer’s design requests, one of the two large classic wheels was reduced in size and hidden from view under the cart by a metal apron shield.
Buyer approved the blueprint prepared by the seller and gave him $3,300 on account, subsequently inspected their dream wagons on two occasions, and upon completion, paid the full balance and accepted delivery. On the first sunny day thereafter, one of the plaintiff’s employees proudly sallied forth to Marine Park with his sleek, six-foot long, stainless steel "Stutz Bearcart”. (Only the anachronistic gaily striped umbrella could provide a clue to a pedestrian that this float *278 ing kitchen was the progeny of the pushcart of sainted memory!) Buyer claims to have then made a distressing discovery— the pushcart allegedly no longer pushed! One cart was used, nevertheless, during the summer season. Buyer brought this action for return of his payment plus consequential damages after unsuccessful discussions with the seller concerning possible remedial measures.
The implied warranty sections of the Uniform Commercial Code (§§ 2-314, 2-315 [L, 1962, ch 553, eff Sept. 27, 1964]) were intended to hold a seller responsible when inferior goods are passed along to an unsuspecting buyer and said goods, upon delivery, are not of a merchantable quality or are unfit for their particular purpose. (Vlases v Montgomery Ward & Co., 377 F2d 846.) Normally, a buyer with a specific use peculiar to the nature of his business would be protected both under common law and the Uniform Commercial Code, particularly where the skill or judgment of the seller is reasonably relied upon by the buyer to furnish goods suitable to meet that particular use. (Temple v Keeler, 238 NY 344; Rinaldi v Mohican Co., 225 NY 70; Millens & Sons v Vladich, 28 AD2d 1045, affd 23 NY2d 998; Stroock Plush Co. v Talcott, 150 App Div 343; Kellogg Bridge Co. v Hamilton, 110 US 108.) However, no implied warranty of fitness for a particular purpose arises when seller manufactures goods following the specification given by the buyer and acts upon his advice as to design. (Safe-Carry Paper Prods. Co. v Concrete Eng. Co., 64 Lac Jur 53 [Pa]; Klipfel v Neill, 30 Col App 428.)
Seller herein attempted to fulfill buyer’s own design mandates and produced "very good wagons”, according to the testimony of buyer’s president. The only item of dissatisfaction stems from the claimed lack of mobility. Yet, buyer was given full opportunity to inspect prior to payment in conformity with section 2-513 of the Uniform Commercial Code, and two principals of the buyer did so inspect on two occasions. If buyer cannot use these carts in the particular manner it had intended, that is not a sufficient basis on which to charge defendant with a breach of warranty. (Wakeman Leather v Foster Sportswear Co., 34 AD2d 594.) Since this court was able to move the wagon in front of the courthouse without physical difficulty or discomfront, the buyer should perhaps look towards more hearty and different personnel, motorization or installation in the conventional location of the larger tradi *279 tional wheel that has successfully served such vehicles for generations.
Finally, it is fundamental that damages may not be speculative, contingent or remote and should be of a character "such, as the parties may fairly be supposed to have contemplated, when they made the contract”. (Leonard v New York, Albany & Buffalo Electro Magnetic Tel. Co., 41 NY 544, 566-567; Montagnino v Brojer, 29 Misc 2d 651; Mitler v Friedeberg, 32 Misc 2d 78.) There was no testimony about damages whatsoever and no basis for computation thereof was offered by plaintiff. For all of the foregoing reasons, the complaint herein is dismissed with judgment for the defendant.