**TRANSAMERICA INSURANCE COMPANY, Plaintiff,**

v.

**The UNITED STATES, Defendant;**

**George S. Rush d/b/a Rush Engineers, Third Party Defendant.**

**No. 599–82C.**

United States Claims Court.

Jan. 8, 1986.

---

Lewis B. Hollabaugh, Nashville, Tenn., for plaintiff.

Genevieve B. Holm, with whom were Asst. Atty. Gen. Richard K. Willard, David M. Cohen, and Thomas W. Petersen, Washington, D.C., for defendant.

Thomas J. Knight, Anniston, Ala., for third-party defendant.

## ORDER

WHITE, Senior Judge.

Consideration has been given to: (1) the stipulation for entry of judgment, filed by the defendant and the plaintiff; (2) the motion for a default judgment against third-party defendant George S. Rush, d/b/a Rush Engineers (Rush), filed by the defendant; and (3) the motion to set aside default, filed by the third-party defendant.

This controversy can be traced back ultimately to December 27, 1979, when the defendant (acting through a contracting of-

ficer of the United States Air Force) entered into contract F40650–80–C0006 (the contract), in the amount of $2,148,100 for the construction of a shopping center at Arnold Air Force Station, Tennessee, and Rush, as required by the contract, executed performance and payment bonds, with penal sums of $2,148,100 and $859,240, respectively, and with Transamerica Insurance Company (Transamerica) as the surety, Rush as the principal, and the United States as the obligee.

On January 30, 1980, Rush received notice to proceed with the work under the contract, and commenced performance. The scheduled completion date, as amended by modification, was August 18, 1981.

As of August 18, 1981, which was the scheduled completion date, Rush had completed only 71 percent of the work under the contract, and progress on the project had slowed. By means of a letter dated September 9, 1981, the contracting officer notified Rush that the contract was being terminated for default.

On October 5, 1981, the Government and Transamerica executed a takeover agreement, under which Transamerica was to— and subsequently did—engage a contractor to complete the work under the original contract.

While the work of completing the contract was in progress by Transamerica's contracting agent, the Government discovered that, in making previous progress payments to Rush, the latter had been overpaid on the work accomplished by Rush. The full amount of the overpayment was originally calculated to be $81,880.74; and this amount was withheld by the Government from payments to Transamerica's contracting agent in order to recoup the overpayment made to Rush.

After the work under the contract was completed, Transamerica submitted a claim to the contracting officer, asking for the payment of the $81,880.74 mentioned in the preceding paragraph. On September 24, 1982, the contracting officer denied Transamerica's claim.

Later, on November 22, 1982, Transamerica filed its complaint in this court, seeking to recover $81,880.74 from the Government.

On May 31, 1983, during the pendency of the present case, the defendant filed in this action a contingent cross-claim against Rush. The cross-claim asserted in part that "[t]o the extent that plaintiff [Transamerica] is entitled to recover from defendant, defendant is entitled to recoup a like portion of the overpayment from Rush Engineers," and that "Rush Engineers is liable for the return of any sums erroneously received as a result of the overpayment." The defendant demanded judgment against Rush "in an amount equal to any judgment granted in favor of plaintiff." The defendant's cross-claim was accompanied by a motion asking that Rush be summoned to appear in the case as a third-party defendant, in accordance with this court's Rule 14 and 41 U.S.C. § 114(b) (1982). The defendant's motion was allowed, and a summons was issued to the Department of Justice for service on Rush.

Thereafter, Transamerica and the defendant filed cross-motions for summary judgment. After briefs had been filed and oral arguments had been heard, the court on October 3, 1984, denied both motions (6 Cl.Ct. 367).

The next day, October 4, 1984, the court issued an order on pretrial procedure. Transamerica and the defendant completed the process of preparing and filing their pretrial statements by March 21, 1985.

A few days later, on April 11, 1985, Rush filed with the court a motion asking that the contingent cross-claim which the defendant had filed against him be dismissed "on grounds that it fails to state a claim upon which relief can be granted," or on grounds "that it fails to demonstrate that this party, George S. Rush, owes any amount or was in fact 'overpaid' by anyone of the other parties to this action." The court denied the motion in an unpublished order dated July 9, 1985.

In the meantime, the court had issued an order scheduling this case to be tried on

the merits in Nashville, Tennessee, beginning on September 23, 1985. Before the trial date, however, the court received assurances from counsel for the defendant and Transamerica that they were successfully negotiating a settlement of the case as between them, and that no trial would be necessary to dispose of the controversy between them. Accordingly, arrangements for the holding of a trial in Nashville beginning September 23 were cancelled. The joint stipulation for entry of judgment, now before the court, represents the successful outcome of the settlement negotiations between Transamerica and the defendant.

There still remains for consideration, however, the defendant's contingent cross-claim against Rush. In this connection, it has been mentioned previously that an earlier motion by Rush to dismiss the defendant's cross-claim against him was denied by the court in an order dated July 9, 1985. After the denial of his motion to dismiss, Rush did not otherwise respond to the summons that had been issued for him, and he did not submit to the court any sort of third-party pleading that attempted to answer the allegations contained in the defendant's contingent cross-claim. Accordingly, on November 13, 1985, the court—after waiting more than 4 months for Rush to file a responsive pleading—entered a default against Rush on the record.

At the present time, there are pending before the court a motion by the defendant for default judgment against Rush, and a motion by Rush to set aside the default entry of November 13, 1985, as well as a response by Rush to the defendant's motion for a default judgment, together with an objection to the jurisdiction of the court.

In support of his jurisdictional argument, Rush asserts in his paper now before the court that he was not served with process in this case and, therefore (according to him), "there is no personal jurisdiction nor is there otherwise jurisdiction 'of the person' as that concept is used under American law." In this connection, the court never received any return of the summons which the court, on motion of the defend-ant, delivered to the Department of Justice for service on Rush. Accordingly, the court has no specific information concerning the summons after it left the clerk's office.

■ The present assertion by the third-party defendant that there has been no service of process upon him in this case and, accordingly, "there is no personal jurisdiction nor is there otherwise jurisdiction 'of the person' as that concept is used under American Law," and that this court "does not have jurisdiction of the subject matter of this third party complaint," comes too late to receive consideration. Under this court's Rule 12 (which is similar to Rule 12 of the Federal Rules of Civil Procedure), a defense of lack of jurisdiction over the person, or of insufficiency of process, is waived unless it is timely asserted in the first motion or responsive pleading filed by the particular person in the proceedings. *See* 5 C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1391, at 853–55 (1969); 2A J. MOORE & J. LUCAS, MOORE'S FEDERAL PRACTICE, Par. 12.23 (2d Ed.1982); *Zelson v. Thomforde*, 412 F.2d 56 (3rd Cir. 1969); *North Branch Products, Inc. v. Fisher*, 284 F.2d 611 (D.C.Cir.1960), *cert. denied*, 365 U.S. 827, 81 S.Ct. 713, 5 L.Ed.2d 705 (1961).

■ It has been mentioned previously that on April 11, 1985, Rush filed his first paper in the present proceedings. That paper did not mention any defense that he might possibly wish to assert on the ground of the alleged insufficiency of service. Accordingly, Rush thereby waived any such possible defense.

■ Moreover, Rush's action in entering an appearance and filing his motion to dismiss on April 11, 1985, demonstrated clearly that he was not only aware of, but thoroughly familiar with the nature of, the defendant's contingent cross-claim against him. Thus, the inference is inescapable that Rush had adequate notice of the pendency and nature of the litigation against him.

320

■ In disposing of Rush's present motion before the court, it is necessary to consider the contention made in paragraph 6 of the motion to the effect that "the third party complaint [in this case] is nothing more than an action at common law attempting to recover money from the individual third party defendant," and that this court "does not and cannot constitutionally have jurisdiction over this subject matter."

In the following paragraph (7) of Rush's motion, he concedes that this court "has certain statutory jurisdiction under 28 U.S.C. § 1491 et seq." Actually, this court's statutory jurisdiction is not restricted to the provisions cited by Rush. Of particular significance in connection with the present matter is 41 U.S.C. § 114(b) (1982), which provides in part as follows:

The United States Claims Court, on motion of either of the parties, or on its own motion, may summon any and all persons with legal capacity to be sued to appear as a party or parties *in any suit or proceeding of any nature whatsoever* pending in said court to assert and defend their interests, if any, in such suits or proceedings * * *. [T]he court shall have jurisdiction to enter judgment pro confesso upon any claim or contingent claim asserted on behalf of the United States against any person who, having been duly served with summons, fails to respond thereto, to the same extent and with like effect as if such person had appeared and had admitted the truth of all allegations made on behalf of the United States. * * * [T]he United States shall not be heard upon any counterclaims, claims for damages or other demands whatsoever against such person, *other than claims and contingent claims for the recovery of money hereafter paid by the United States in respect of the transaction or matter which constitutes the subject matter of such case,* unless and until such persons shall assert therein a claim, or an interest in a claim, against the United States, and the United States Claims Court shall have jurisdiction to adjudicate, as between any and all adverse claimants, their respective several interests in any matter in suit and to award several judgments in accordance therewith. [Emphasis supplied.]

The contingent cross-claim asserted by the United States against Rush is clearly within the jurisdiction of this court under 41 U.S.C. § 114(b) (1982), inasmuch as the Government is asserting the contingent cross-claim specifically for the recovery of money allegedly paid by the United States to Rush "in respect of the transaction or matter which constitutes the subject matter" of the present case. In such a situation, it is immaterial that Rush is not asserting any claim against the United States. *See Bowser, Inc. v. United States,* 190 Ct.Cl. 441, 445, 420 F.2d 1057, 1060 (1970).

### Conclusion

For the reasons previously stated, the third-party defendant's objection to the jurisdiction of the court is rejected; the third-party defendant's motion to set aside the default of November 13, 1985, is denied; and the defendant's motion for a default judgment against the third-party defendant is granted in part.

■ The defendant's pending motion requests the court "to enter default judgment against Rush in favor of this defendant in the amount of $79,810.74." In this connection, it has been mentioned previously that the plaintiff's complaint, when filed, asked for a judgment against the defendant in the amount of $81,880.74. At oral argument on the cross-motions for summary judgment, however, the plaintiff conceded that the proper amount due the plaintiff was $79,810.74. As the plaintiff and the defendant have now agreed, in the stipulation for entry of judgment, that the plaintiff's claim against the defendant shall be disposed of by the entry of a judgment for $63,848.59 (plus interest from August 10, 1982), and as the defendant's contingent cross-claim seeks a judgment against the third-party defendant "in an amount equal to any judgment granted in favor of plaintiff," it appears that the defendant's recov-

ery against the third-party defendant, being contingent, should be in the same amount as the plaintiff's recovery against the defendant, *i.e.*, $63,848.59.

The clerk will therefore, in accordance with the stipulation for entry of judgment, enter judgment for the plaintiff against the defendant in the amount of $63,848.59, plus interest from August 10, 1982, in accordance with 41 U.S.C. § 611 (1982) (AFCOMS to be responsible for $49,065.72 of the judgment and AAFES to be responsible for $14,782.87 of the judgment).

The clerk will also enter judgment for the defendant against the third-party defendant in the amount of $63,848.59.

No costs.

IT IS SO ORDERED.