MARKEY, Chief Judge.
 

 DECISION
 

 Appeal from an order of the United States Claims Court, granting the Government’s motion for a default judgment against third-party defendant, George S. Rush, d/b/a Rush Engineers (Rush), and denying Rush’s motion to set aside that judgment, 9 Cl.Ct. 316 (1986). We
 
 affirm.
 

 *
 

 OPINION
 

 Because Rush’s April 11, 1985 motion to dismiss the contingent cross-claim contained nothing whatever to indicate any objection to the alleged insufficiency of service in this case, the Claims Court correctly determined that Rush had waived any objection he may have had concerning that defense. 9 Cl.Ct. at 319.
 

 Under 41 U.S.C. § 114(b) (1982), the Claims Court has jurisdiction to adjudicate the Government’s claims against third parties:
 

 
 *647
 
 (1) where the Government’s claim is for the recovery of money which it has already paid out to the third party in respect of the transaction or matter which constitutes the subject matter of the suit, or
 

 (2) where the third party appears and asserts a claim or an interest in a claim against the United States.
 

 Bowser, Inc. v. United States,
 
 420 F.2d 1057, 1062, 190 Ct.Cl. 441 (1970);
 
 see, e.g., Maryland Casualty Co. v. United States,
 
 141 F.Supp. 900, 135 Ct.Cl. 428 (1956);
 
 Seaboard Surety Co. v. United States,
 
 144 Ct.Cl. 686,
 
 cert. denied,
 
 359 U.S. 1001, 79 S.Ct. 1140, 3 L.Ed.2d 1031 (1959);
 
 Amdal v. F.W. Woolworth Co.,
 
 84 F.Supp. 657 (D.C.Iowa 1949). Therefore, that Rush had never asserted a claim against the Government is of no moment, the government’s cross-claim being for the recovery of money it had paid out to Rush in respect of the transaction or matter which constituted the subject matter of the principal action by Transamerica.
 
 See Transamerica Insurance Co. v. United States,
 
 6 Cl.Ct. 367 (1984).
 

 Rush’s arguments that § 114(b) is unconstitutional because it: (1) allows the Claims Court, an Article I court, 28 U.S.C. § 171(a), to exercise the judicial power of the United States; and (2) denies his right to a jury trial, have been held without merit by one of our predecessor courts.
 
 Seaboard Surety Co.,
 
 144 Ct.Cl. at 688;
 
 Maryland Casualty Co.,
 
 141 F.Supp. at 905-06;
 
 accord Myrtle Beach Pipeline Co. v. United States,
 
 6 Cl.Ct. 363, 366 (1984). Bound by the decisions of our predecessor courts in
 
 Seaboard Surety
 
 and
 
 Maryland Casualty,
 
 this three-judge panel is without power to declare § 114(b) unconstitutional on its own,
 
 South Corp. v. United States,
 
 690 F.2d 1368, 1370-71 (Fed.Cir.1982), and has been shown no basis for seeking
 
 in banc
 
 consideration of the question.
 

 Rush’s reliance on
 
 Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,
 
 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), is unpersuasive. There, the Supreme Court recognized three exceptions to the constitutional command that the judicial power of the United States be vested in Article III courts: cases in territorial courts, courts-martial, and cases involving “public rights.”
 
 Id.
 
 at 63-67,102 S.Ct. at 2867-69. This case involves public rights, i.e., a matter arising between the government and persons subject to its authority in connection with the performance of the constitutional functions of the executive and legislative branches and which historically could have been determined exclusively by those branches.
 
 Id.
 
 at 67-69, 102 S.Ct. at 2869-70.
 
 Northern Pipeline
 
 was a suit in bankruptcy court involving private rights, “the liability of one individual to another under the law as defined.”
 
 Crowell v. Benson,
 
 285 U.S. 22, 51, 52 S.Ct. 285, 292, 76 L.Ed. 598 (1932).
 

 *
 

 This opinion was issued on September 11, 1986 in "unpublished" form. It is herewith reissued for publication in response to a request of the Claims Court.