# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

AUBREY J. HIGHTOWER,
      Appellant,

     v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
DC-0752-17-0687-I-2

DATE: March 7, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Aubrey J. Hightower</u>, Vernon Hill, Virginia, pro se.

<u>Donna G. Marshall</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal for improper conduct. On petition for review, the appellant argues that the administrative judge abused her discretion concerning discovery and denied him necessary witnesses and documents. He generally argues she did not consider all of his evidence and argument. He also reasserts his claims of disparate treatment disability discrimination, retaliation for equal employment

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

opportunity (EEO) activity, reprisal for whistleblowing, and disparate penalty. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis of the appellant's affirmative defenses, we AFFIRM the initial decision.

In adjudicating the appellant's disparate treatment disability discrimination and EEO retaliation claims, the administrative judge applied a mixed-motive analysis in accordance with the Board's precedent in *Southerland v. Department of Defense*, 119 M.S.P.R. 566, ¶¶ 18-21 (2013). *Hightower v. U.S. Postal Service*, MSPB Docket No. DC-0752-17-0687-I-2, Appeal File (I-2 AF), Tab 34, Initial Decision (ID) at 15. The Board recently clarified that claims of disparate treatment disability discrimination and EEO retaliation based on activity protected under Title VII and the Age Discrimination in Employment Act are subject to a motivating factor standard. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 21, 30. Here, the administrative judge properly evaluated the evidence as a whole and found that the appellant failed to provide any evidence that his disability was a motivating factor in the agency's decision to remove him. ID at 17-18. The appellant does not challenge this finding on

review, and we therefore find that he failed to establish this defense. ID at 17-19; Petition for Review File, Tab 1.

Similarly, we agree with the administrative judge's finding that the appellant failed to show that his prior EEO activity was a motivating factor in the agency's decision to remove him. ID at 17-19. To the extent the appellant's prior EEO activity may have been protected under the Rehabilitation Act, and therefore subject to a "but-for" causation standard, *see Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 33, we find that the appellant's failure to satisfy the lower motivating factor standard necessarily means that he failed to meet the higher "but-for" standard,[2] *id.*

As to the appellant's whistleblower reprisal claim, the administrative judge correctly found that the Whistleblower Protection Act does not apply to employees of the U.S. Postal Service. ID at 23; *see Parbs v. U.S. Postal Service*, 107 M.S.P.R. 559, ¶ 21 (2007), *aff'd per curiam*, 301 F. App'x 923 (Fed. Cir. 2008). Instead, a Postal employee alleging illegal reprisal has the burden of showing that: (1) he engaged in protected activity; (2) the accused official knew of the activity; (3) the adverse action under review could have been retaliation under the circumstances; and (4) there was a genuine nexus between the alleged retaliation and the adverse action. *Warren v. Department of the Army*, 804 F.2d 645, 656-58 (Fed. Cir. 1986); *see Parbs*, 107 M.S.P.R. 559, ¶ 21 (stating that the *Warren* test applies to whistleblower reprisal claims brought by Postal employees). The *Warren* test is a higher standard of proof than that set forth in the whistleblower protection statutes. *Parbs* 107 M.S.P.R. 559, ¶ 21.

The administrative judge, applying the less stringent standard, found no evidence in support of the appellant's allegation that the agency removed him in reprisal for whistleblowing because he failed to identify what information he

---

[2] Because we discern no error with the administrative judge's motivating factor analysis or conclusions regarding the appellant's discrimination and EEO retaliation claims, it is unnecessary for us to address whether discrimination or retaliation was a "but-for" cause of the removal action. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-25.

disclosed, to whom he disclosed it, and when he did so. ID at 23-24; I-2 AF, Tab 13 at 2. Because the appellant offered no evidence in support of his contention, she found that the appellant also failed to establish this defense. ID at 24. The appellant has not disputed the administrative judge's finding that he did not identify his disclosures. Although the administrative judge did not apply the correct standard, her finding that the appellant failed to meet the less stringent standard necessarily means that he failed to meet the stricter standard set forth in *Warren*.

In adjudicating the appellant's disparate penalty claim, the administrative judge relied on *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶ 15 (2010), which we recently overruled in *Singh v. U.S. Postal Service*, 2022 MSPB 15. ID at 29-30. Under *Singh*, the relevant inquiry is whether the agency knowingly and unjustifiably treated employees differently. *Singh*, 2022 MSPB 15, ¶ 14. The administrative judge found that the appellant failed to prove his disparate penalty claim because he failed to identify an appropriate comparator. ID at 31. The appellant does not challenge this finding on review, and we find that he did not show disparate penalty under *Singh*.

We have considered the appellant's remaining arguments raised in his petition for review, and we discern no basis to disturb the findings in the initial decision. We therefore deny the petition for review and affirm the initial decision as modified herein.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:        _____
                              Gina K. Grippando
                              Clerk of the Board

Washington, D.C.